**Bertha Faye (Lawler) DUDLEY, Appellant,**

v.

**H. Roger LAWLER and Lawler Family Trusts, Appellees.**

**No. 5006.**

Court of Civil Appeals of Texas, Waco.

April 15, 1971.

Prescott & Prescott, Dallas, for appellant.

Lee Smith & George Dunlap, Dallas, for appellees.

## OPINION

McDONALD, Chief Justice.

This is an appeal by plaintiff Bertha Faye Lawler Dudley from summary judgment that she take nothing. Plaintiff filed suit March 27, 1970 in the nature of a bill of review to set aside a community property settlement contained in a divorce judgment of Domestic Relations Court No. 3, Dallas County rendered November 11, 1969; and further sought the setting aside of the transfer of plaintiff's property to the Lawler Family Trusts, the transfer of property to the North Texas Corporation; and prayed for an accounting for other properties. The Lawler Family Trusts was joined as a defendant. Such judgment decreed a divorce between plaintiff and defendant herein, H. Roger Lawler; awarded custody of the couple's 6 children to plaintiff herein; set child support at $166.-67 per month per each child; and approved the property settlement agreement between the parties.

Plaintiffs alleged she and defendant H. Roger Lawler had been married for 18 years and had 6 children; that plaintiff was unfamiliar with the extent and value of the community estate; that defendant was in control of all community properties and ran the business; that in contemplation of divorce, at the insistence of defendant she divided with defendant community property worth $6,600,956. so that each became owner of $3,300,498. of the part divided; that defendant advised her the property should be transferred into the Lawler Family Trust in consideration of the Trust issuing plaintiff a lifetime annuity for $11,327.31 per month and defendant a lifetime annuity for $13,545.24 per month, with the 6 children as final beneficiaries of the trust; that her husband represented that the trust was fair and equitable, and promised to furnish her a copy of the Trust Indenture which he did not furnish until after the divorce; that she did not employ counsel because defendant insisted the cost would be exhorbitant and that his lawyer could handle the agreement, and the divorce case; that defendant represented that a disinterested party would administer the trust; that the provision would protect the parties and their children; that at the insistence of defendant, plaintiff joined defendant in conveying the North Texas Corporation $3,-745,453. of notes owned by the community; and $35,000. to the "21 Trust"; that the defendant had received 450,000 shares of Uranium King Corporation, $26,000 cash and a $30,000 coin collection which were never divided; that after signing the community property division and conveying her share to the Lawler Family Trusts, defendant filed suit for divorce; that she signed a waiver and was not present at the trial; that divorce was granted on November 11, 1969; that copies of all documents,

trusts and partition agreements were withheld from her until December 17, 1969; that the Lawler Family Trusts provides defendant can appoint and remove the Trustee at will; that his attorney was trustee, but has been replaced by defendant's brother; that her annuity is not secured; that the trust can be terminated at any time the trustee thinks advisable; that no bond is required of the trustee; that defendant's additional children share in the trust; but any additional children of hers do not; that the trust is actually the alter ego of defendant; that her agreement was obtained by fraud, deceit and misrepresentation of defendant and his attorney; that as a result of the property settlement, transfers, and judgment she has received a $400,000. house and the $11,327. per month unsecured annuity, while defendant received $4,500,000. plus annuity for $13,545. per month; that she was bilked out of over 3⅓ million dollars; that she relied on her husband; that her husband's acts constituted extrinsic fraud; that she was not negligent; that she used diligence in discovering the fraud, and promptly filed suit.

Defendants Lawler and Lawler Family Trusts filed answers and Motion for Summary Judgment asserting there were no genuine issues as to any material fact; that fraud if raised was intrinsic fraud which is insufficient ground as a matter of law in a bill of review proceeding; that plaintiff was negligent and used no diligence to prevent the entry of the judgment she complains of; and that defendants are entitled to judgment as a matter of law.

Plaintiff filed answer to defendant's motions asserting the existence of genuine issues of fact, and filed affidavit testifying she and defendant had been married 18 years and had 6 children; that they were divorced in Domestic Relations Court No. 3, Dallas County on November 11, 1969; that prior to the filing of the divorce action she and defendant owned community properties worth in excess of $13,000,000.; that defendant, his tax consultants and attorney devised a scheme to defraud her of

her part of the community property; that as a result of misrepresentation and fraud she divided $6,600,956. community property with defendant and assigned her $3,-300,498. share into Lawler Family Trusts in exchange for a monthly annuity; that she was promised by defendant that everything was fair and equitable; that she was furnished no copies of documents, trusts, partition agreements, or papers until December 17, 1969 and after the divorce judgment; at which time she discovered for the first time the annuity was unsecured; that defendant appointed the trustee of trust; that Republic National Bank as represented was not the trustee; that defendant's future children, but not her future children, shared in the trust; that 450,000 shares of Uranium King Stock, $26,000. cash, and a $30,000. coin collection were not divided; that defendant received $3,745,453. in notes receivable instead of the Trust as was represented to her; that defendant received ownership or control over $11,000,000. worth of community property while she received a $400,000. house and the unsecured annuity; that but for defendant's fraud she would have been represented at the trial, presented a good defense and obtained a different result, and that a favorable result will be obtained on a new trial.

The defendants filed no supporting affidavits to their motions for summary judgment.

The trial court granted defendant's motion for summary judgment, finding the record showed an absence of genuine issue of any material fact, and rendered judgment that plaintiff take nothing.

Plaintiff appeals on 11 points asserting the existence of genuine issues of fact, and that the trial court erred in rendering summary judgment that she take nothing.

Defendants by counterpoints assert: 1) There is no cause of action asserted by pleading or affidavit against defendants; 2) The fraud alleged by plaintiff is intrinsic only.

■ Summary judgment may be rendered *only* if the pleadings, affidavits etc., show there is no genuine issue as to any material fact. And the movant has the burden to prove clearly his right to summary judgment, and that there is no issuable fact in the case for determination. Rule 166–A, Texas Rules of Civil Procedure; Tigner v. First Nat. Bank of Angleton, 153 Tex. 69, 264 S.W.2d 85. All doubts as to the existence of a genuine issue as to a material fact must be resolved against the party moving for summary judgment; and the court accepts as true all evidence of the party opposing the motion which tends to support such party's contention and gives him the benefit of every reasonable inference which properly can be drawn in favor of his position. Gulbenkian v. Penn, 151 Tex. 412, 252 S. W.2d 929; Valley Stockyards Co. v. Kinsel, Tex., 369 S.W.2d 19. Moreover the burden is cast on the movant to show conclusively the absence of fact issues, and when the affidavits or other summary judgment evidence disclose facts which render the position of the moving party untenable, summary judgment should be denied regardless of defects which may exist in the pleadings of the opposite party. Womack v. Allstate Ins. Co., 156 Tex. 467, 296 S.W.2d 233.

■ Fraud vitiates every transaction tainted by it, even the solemn judgments of courts. Drinkard v. Ingram, 21 Tex. 650. Fraud which prevents a party from knowing about his rights or defenses, or from having a fair opportunity of presenting them on a trial, or to fully litigate upon the trial all the rights or defenses he was entitled to assert is extrinsic fraud, and entitles one to attack and set aside a final judgment. Alexander v. Hagedorn, 148 Tex. 565, 226 S.W.2d 996; South Texas Development Co. v. Martwick, Tex.Civ. App. (NRE), 328 S.W.2d 230.

■ The husband is by law manager of the community estate, and a trust relationship exists between him and the wife. His representations as to the nature and extent of the community estate, if false, are treated as a species of extrinsic fraud, justifying the modification of a property settlement and judgment, as here, on the theory of an implied trust, in accordance with applicable equitable principles. Wright v. Wright, 7 Tex. 526; Brownson v. New, Tex.Civ.App. Er. Dis., 259 S.W.2d 277; Thigpen v. Locke, Tex., 363 S.W.2d 247.

It must be presumed that no woman would give her husband a part of her half of the community property, when he is seeking divorce from her. That such occurred stamps the matter with suspicion.

■ The record is sufficient to show plaintiff was deprived through the acts of defendant of a large portion of her estate, and that defendant was guilty of false representations inducing such situation. There is no real assent to any agreement induced by fraud. King v. Wise, Tex. Com.App., 282 S.W. 570; Southern Rock Island Plow Co. v. Williams, Tex.Civ.App., Er. Dis., 80 S.W.2d 340.

We think this is not a case for summary judgment; that the moving party's position is untenable; that plaintiff's petition and affidavit assert a cause of action; and there are issues of fact, including fraud, which should be tried to a jury. Cases directly in point which support our conclusions are: Brownson v. New, Tex.Civ. App., Er. Dis., 259 S.W.2d 277; Novy v. Novy, Tex.Civ.App., Er. Dis., 231 S.W.2d 780; and Eldridge v. Eldridge, Tex.Civ. App., 259 S.W. 209.

Plaintiff's points and contentions are sustained.

Reversed and remanded.