Joseph R. CROW et al., Appellants,

v.

Gertie CROW, Appellee.

No. 5176.

Court of Civil Appeals of Texas, Waco.

Oct. 12, 1972.

Pollan & Nicholson, Rosenberg, for appellants.

Caldwell & Hurst, John H. Caldwell, Houston, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal by plaintiffs J. R. Crow and sister Mildred Crow Williams from summary judgment that they take nothing in suit to set aside a judgment they allege was procured by fraud, (and constitutes a cloud on their title to 256 acres of land).

Plaintiffs sued defendant Gertie Crow, their stepmother, to set aside judgment rendered in cause 4013 in Leon County in 1919. Plaintiffs alleged their mother Minnie Crow owned as her separate property 256 acres of land; that their father Sam Crow fraudulently joined Minnie Crow as plaintiff as though she were a joint owner with him of said land, in a trespass to try title suit against the heirs of Copeland; and fraudulently caused judgment to be entered decreeing into Sam Crow joint ownership with Minnie Crow. Plaintiffs alleged Sam Crow concealed from his wife Minnie and plaintiffs, that he caused such judgment to be entered, and Minnie and plaintiffs had no notice or knowledge of the fraud in securing such judgment or of the judgment; that Sam Crow was appointed guardian of plaintiffs' estate in 1931; that Sam Crow referred to the property at all times as belonging to his wife, and after her death as belonging to his children; that Sam Crow died in 1961; that plaintiffs did not discover the fraud until shortly before suit was filed; and

that there has been no lack of diligence on their part, (or of their mother).

Plaintiffs further allege defendant, their father's second wife, claims an interest in the 256 acres by reason of some claim under Sam Crow; and that plaintiffs and defendant are all the parties at interest.

Defendant did not file a general denial but plead affirmative defenses.

Defendant moved for Summary Judgment asserting: 1) There are no fact issues; 2) After 52 years plaintiffs are guilty of laches as a matter of law; 3) Plaintiffs' action is barred by the four-year statute of limitations; 4) Plaintiffs' pleadings show plaintiffs were not diligent; 5) Plaintiffs did not join all parties to the 1919 judgment.

Defendant offered no exhibits, affidavits, or other summary judgment evidence.

Plaintiffs moved for summary judgment asserting the land conclusively their mother's separate property for which reason the 1919 judgment is not binding on their mother or themselves.

Plaintiffs offered as summary judgment evidence: 1) The deed to the property to their mother from their grandmother which conclusively establishes the property to be their mother's separate property; 2) Affidavits that the property was their mother's separate property; that their mother died in 1929; that their father Sam Crow represented to the affiants up until shortly before his death in 1961 that the property belonged to plaintiffs (his children), and he was only taking care of it for them; 3) The 1919 judgment which reflects "Sam Crow and Minnie Crow" recovered the land from the heirs of Copeland; 4) Defendant's 1st Amended Answer in cause 2029B, pending in Leon County between plaintiffs and defendant herein, which reflects plaintiffs have sued defendant in a trespass to try title to this land, and that defendant has plead the 1919 judgment as a bar to plaintiffs' suit.

The trial court overruled plaintiffs' motion for summary judgment; granted defendant's motion for summary judgment, and decreed plaintiffs take nothing.

Plaintiffs appeal on 3 points contending:

1) The trial court erred in granting defendant's motion for summary judgment.

2) The trial court erred in not granting plaintiffs' motion for summary judgment.

Plaintiffs' petition alleged the 256 acres were separate property of their mother; that their father secured a judgment by fraud decreeing in himself joint interest in the property with the mother.

Defendant filed no general denial but plead affirmative defenses.

Defendant's motion for summary judgment asserted: 1) No fact issues; 2) Plaintiffs' action barred by the four-year statute of limitations, and by laches; 3) Plaintiffs' pleading showed lack of diligence; and 4) Plaintiffs did not join all parties to the 1919 judgment.

■ Summary judgment should be granted, and if granted should be affirmed *only* if the summary judgment record establishes a right thereto as a matter of law. Gibbs v. General Motors Corp., Tex., 450 S.W.2d 827.

■ Material allegations of fact in plaintiffs' petition which are not denied by proper pleading are taken as admitted. Brill v. Guaranty State Bank, Tex.Com. App., 280 S.W. 537; McGuire v. Rogers, Tex.Civ.App., NWH, 443 S.W.2d 619.

■ Thus defendant has admitted that the property was the separate property of plaintiffs' mother prior to the 1919 judgment. Plaintiffs alleged the 1919 judgment decreeing joint interest in such property in Sam Crow was procured by fraud.

■ Fraud vitiates every transaction tainted by it, even the solemn judgment of courts of record. South Texas Development Co. v. Martwick, Tex.Civ.App., NRE, 328 S.W.2d 230; Drinkard v. Ingram, 21 Tex. 650; and the existence of fraud is a question of fact for the trier of facts. Drinkard v. Ingram, supra; Graham v. Roder, 5 Tex. 141.

■ Bar of the four-year statute of limitations (Article 5529 Vernon's Ann.Tex. St.), on action to set aside a judgment for fraud, does not commence to run until plaintiff knows, or, in exercise of due care, ought to know, of the judgment. Levy v. Roper, 113 Tex. 356, 256 S.W. 251; Ditmore Land & Cattle Co. v. Kahn, Tex.Civ. App., NWH, 302 S.W.2d 145; O'Boyle v. Bevil, 5th Cir., 259 F.2d 506.

■ Discovery of fraud or what constitutes reasonable diligence to discover fraud is a question of fact. Ruebeck v. Hunt, 142 Tex. 167, 176 S.W.2d 738.

■ Bar of plaintiffs' action by laches is a fact question, and burden of proof to establish same is on the defendant; Terrell Hills Baptist Church v. Pawel Tex.Civ.App., NWH, 286 S.W.2d 204; Oehler v. Scammel, Tex.Civ.App., ER Ref., 242 S.W.2d 403.

■ Finally, only the persons having a real present interest in the judgment attacked are necessary parties. Hunt v. Ramsey, 162 Tex. 133, 345 S.W.2d 260. The heirs of Copeland have no interest and are not necessary parties. All parties who have any real present interest have been made parties.

■ Recovery by "Sam Crow and Minnie Crow" from the Copelands in the 1919 judgment does not result in Sam Crow recovering any of Minnie Crow's interest in the property. And plaintiffs may establish the title of their mother despite the recitation in the 1919 judgment, by proof of her separate ownership. Foster

v. Christensen, Tex.Com.App., 67 S.W.2d 246; Connor v. Boyd, Tex.Civ.App., Ref. WM, 176 S.W.2d 212; Van v. Webb, Tex.Civ.App., NRE, 237 S.W.2d 827; Muran v. Muran, Tex.Civ.App., NWH, 210 S.W.2d 617; Blumer v. Kallison, Tex. Civ.App., NRE, 297 S.W.2d 898; Gleich v. Bongio, 128 Tex. 606, 99 S.W.2d 881.

Since there is a trespass to try title suit pending between the parties involving this land, the trial court may desire to consolidate the two causes.

Contention one is sustained.

Reversed and remanded.