**J. W. WATTS, Appellant,**

v.

**N. L. EVERETT and La Verne Everett, Appellees.**

**No. 5621.**

Court of Civil Appeals of Texas, Waco.

Oct. 14, 1976.

Carl E. Roberts, Dallas, for appellant.

Davis D. Bass, Waxahachie, for appellees.

OPINION

McDONALD, Chief Justice.

This is an appeal by defendant Watts from summary judgment for $6030. rendered against him on two notes.

Plaintiffs Everett sued defendants Watts and Berryman on two promissory notes alleged to secure the payment of rents on 415 acres of land in Ellis County leased by plaintiffs to defendants. The first note was for $4800. payable $400. per month beginning on January 1, 1975. The second note was for $4800. payable $400. per month beginning January 1, 1976. The notes contained acceleration provision in event of non-payment of any installment. Plaintiffs alleged 3 unpaid installments of $400. on the first note, and one unpaid installment on the second note due January 1, 1976 (which accelerated all 12 payments).

Defendants answered by general denial.

Plaintiffs moved for summary judgment against defendant Watts attaching copies of the two notes; and the affidavits of plaintiffs. Such affidavits state defendants executed and delivered the two notes sued on to plaintiffs; that plaintiffs are coholders of the notes; and that defendants failed to pay the October, November, and December 1975 installments on the first note, and the January 1, 1976 installment on the second note, accelerating such note.

The trial court granted plaintiffs' motion against defendant Watts and rendered judgment against him for $6030.

Defendant appeals on 2 points contending among other matters, the trial court erred in rendering summary judgment against him because there were material issues of fact presented by the terms of the notes.

The two notes are identical except for the dates upon which the $400. monthly installments are to be made. Each note states that the note represents the payments due from defendants to plaintiffs on a lease of 415 acres of land in Ellis County "said lease being recorded in the deed records of Ellis County, Texas, reference to which is hereby made for all relevant purposes"; and the final paragraph of each note states *"This note is further conditioned on the terms of said lease and should the lease no longer be in effect this note shall be null and void".*

The lease was not a part of the record on summary judgment, and plaintiffs' affidavits do not mention the leases except to state "Such notes were to secure the payment of rents on 415 acres of land in Ellis County, Texas, leased by plaintiffs to defendants herein."

 Summary judgment should not be granted, and if granted should be affirmed only if the summary judgment proof establishes a right thereto as a matter of law. *Gibbs v. General Motors Corp.*, Tex., 450 S.W.2d 827. All burdens are on the movant. *Swilley v. Hughes*, Tex., 488 S.W.2d 64. The party opposing the motion for summary judgment is not required to establish his right to prevail. *Glenn v. Prestegord*, Tex., 456 S.W.2d 901; *Lewter v. Dallas County*, CCA (Waco) NRE, 525 S.W.2d 885.

Plaintiffs' summary judgment proof is that the two notes sued on are "conditioned on the terms of [a lease] and should the lease no longer be in effect this note shall be null and void."

The lease was not made a part of the record by movants, and their affidavits nowhere negative any adverse effect of the lease on defendant's liability on the notes.

Fact issues have been presented by the terms of the notes which the record on summary judgment does not resolve.

Defendant's contention is sustained.

REVERSED AND REMANDED.