**Billy Dale MOSELEY, Appellant,**

v.

**Trinidad G. RAMOS et al., Appellees.**

No. 5825.

Court of Civil Appeals of Texas, Waco.

Dec. 8, 1977.

M. Scott Stehling, Law Offices of Edgar A. Wallace, Kerrville, for appellant.

Thomas L. Even and Peter Y. Henry, San Antonio, Sam McCollum, III, Brady, for appellees.

## OPINION

McDONALD, Chief Justice.

This is an appeal by plaintiff Moseley from judgment plaintiff take nothing in a Bill of Review. (The judgment recites that it is based on two orders granting summary judgment plaintiff take nothing).

Plaintiff Moseley filed his petition for Bill of Review and New Trial in cause 73–CI–9932 wherein Trinidad G. Ramos and Catarina Ramos, represented by Attorney Franklin Y. Wright sued him for damages caused by Moseley running into the rear of the Ramos' car.

Plaintiff further joined Attorney Wright and the Commercial National Bank of Brady, as defendants, asserting they owned an undivided interest in the judgments plaintiff seeks to void.

Moseley alleged he was served with the Ramoses' petition September 20, 1973, which alleged Moseley negligent in causing

an automobile collision with the Ramoses on May 8, 1973 in San Antonio, and prayed for damages of: $875. to the Ramos car; $176.80 for car rental; $7,500. pain and suffering to Trinidad; and $8,700. pain and suffering to Catarina.

Plaintiff alleged he "did not recall seeing the citation" commanding him to answer before Monday after 20 days from service; that he filed no answer; and that on October 26, 1973 an interlocutory default judgment of liability was entered against him.

He further alleged Trinidad Ramos was "totally or partially" at fault in causing the collision; that on May 19, 1973 he had received a letter from Ramos's attorney stating that such attorney's investigation revealed Moseley at fault; that Moseley believed the claim to be frivolous; and believed the matter dropped as he heard nothing further for $3^{1/2}$ months when he received the petition; that the action of the Ramoses in seeking the exorbitant amount of $17,251.80 damages further convinced him the claim was frivolous; so he filed no answer and interlocutory default judgment of liability was rendered against him.

Moseley alleged the next correspondence he had from Attorney Wright was a letter sending him a copy of an order setting the case for trial for amount of damages, for February 5, 1974; that he appeared at such hearing and Attorney Wright told him "an interlocutory default judgment had been taken against him; that he no longer could sue the Ramoses; and responsibility for the collision was already established"; that Wright promised to send him a list of damages and Moseley agreed to make an initial payment of $200. and pay the balance at $100. per month; that on February 5, 1974 Attorney Wright sent him an itemized list showing expenses of $1,337.30 alleged by the Ramoses as attributable to the collision. On March 25 Moseley received a letter from Attorney Wright sending copy of order setting his case for April 16, 1974. On April 12, Moseley sent his initial payment of $200. to Wright and the Ramoses. No trial was held. On June 11, Moseley received copy of order setting the case for July 18. On July

16 Moseley made a $100. payment. No trial was held. On July 13 Moseley made a $100. payment; on August 7 he made a $100. payment; on September 16 he made a $100. payment; on November 29 he made a $209. payment. On December 5, an order was sent Moseley advising the case was set for January 27. On December 17 Moseley made a $100. payment. On January 27, 1975 the Ramoses announced ready; Moseley did not appear; and on February 3, 1975 the trial court rendered default judgment against Moseley for $17,251.80.

Moseley further alleged he agreed with Attorney Wright to pay $1,337.30 in satisfaction of the Ramos claim; had paid $907.; and under the circumstances was reasonable in relying on Wright to notify him if he was dissatisfied with Moseley's payments and that trial had been reset.

Moseley alleged he was not advised of the $17,251.80 default judgment for several months after it was taken; had tried to handle the matter without an attorney; that on May 29, 1975 his assets in amount of $986.43 in the Brady Bank were garnished by the Ramoses; that on December 30, 1975 his drivers license was suspended upon motion of the Ramoses and Wright; whereupon he retained an attorney and filed this petition for bill of review and new trial on the $17,251.80 judgment; sought actual damages of $1,893.43 against the Ramoses; $907. actual damages plus punitive damages against Attorney Wright; and further prayed; judgment in the garnishment suit be held void; and the Texas Department of Public Safety be ordered to release suspension of his drivers license.

The Ramoses and Attorney Wright filed motion for summary judgment asserting plaintiff's pleadings show negligence on his part in allowing the default judgment to be taken against him, and that movants were entitled to summary judgment as a matter of law.

Attorney Wright filed an additional separate motion for summary judgment asserting plaintiff failed to state a cause of action against him; and that he was entitled to summary judgment as a matter of law.

The trial court by order dated January 7, 1977 granted the joint motion of the Ramoses and Wright's motion and decreed Moseley take nothing as to the Ramoses and Wright; and by separate order dated January 7, 1977 granted Wright's separate motion, and decreed Moseley take nothing as to Wright.

Thereafter on May 5, 1977 the trial court rendered "Final Judgment" reciting he had granted defendants' two motions for summary judgment on January 7, 1977; and decreed Moseley take nothing as to Trinidad Ramos, Catarina Ramos and Franklin Y. Wright; (and further decreed the Brady Bank take nothing from Moseley).

Moseley appeals on one point: "The District Court erred in granting summary judgment for defendants Franklin Y. Wright, Trinidad G. Ramos and Catarina Ramos".

█ A bill of review is an equitable proceeding designed to prevent manifest injustice. Before a litigant can successfully set aside a final judgment by bill of review he must allege and prove, within the time allowed, 1) a meritorious defense to the cause of action alleged to support the judgment; 2) which he was prevented from making by fraud, accident or wrongful act of the opposite party; 3) unmixed with any fault or negligence on his own part. *French v. Brown*, Tex.S.Ct., 424 S.W.2d 893. Since the trial court rendered summary judgment plaintiff Moseley take nothing by his bill of review plaintiff is required only to have *alleged* the 3 requisites for a bill of review, supra.

█ Summary judgment should not be granted, and if granted should be affirmed only if the summary judgment proof establishes a right thereto as a matter of law. *Gibbs v. General Motors Corp.*, Tex.S.Ct., 450 S.W.2d 827. All burdens are on the movant. *Swilley v. Hughes*, Tex.S.Ct., 488 S.W.2d 64. A party opposing the motion for summary judgment is not required to establish his right to prevail. *Glenn v. Prestegord*, Tex.S.Ct., 456 S.W.2d 901; *Lewter v. Dallas County*, Tex.Civ.App. CCA (Waco) NRE, 525 S.W.2d 885; *Watts v. Everett*, Tex.Civ.App. CCA (Waco) NWH, 543 S.W.2d 14.

█ As to the October 26, 1973 interlocutory default judgment of liability Moseley alleged a meritorious defense, but totally failed to allege that he was prevented from making such defense by fraud, accident or wrongful act of the Ramoses; and his allegations affirmatively show that he was negligent in not filing an answer.

█ As to the February 3, 1973 default judgment awarding the Ramoses damages of $17,251.80, we think Moseley alleged a meritorious defense, which he was prevented from making by the wrongful act of the opposite party unmixed with negligence of his own. He alleged he had agreed with Attorney Wright to pay $1,337.30 in satisfaction of the Ramoses' claim; that he had paid $907. on such amount, and under the circumstances detailed it was reasonable to rely on Wright to notify him if he was dissatisfied with Moseley's payments, and that the trial had been reset.

The summary judgment cut Moseley off from an opportunity to prove such allegations, and was erroneous.

Assuming a jury believed that Moseley settled the Ramos claim with Wright by agreeing to pay $1,337.30 commencing with a $200. payment; and $100. each month thereafter; the Ramoses accepted the $200. initial payment on April 12; and at $100. per month the total would not have been due to be paid off until March of 1975. We think the allegations raise fact issues as to time for payment waiver and estoppel, which precluded summary judgment.

And the Ramoses took judgment for $17,251.80; not even giving Moseley credit for the $907. he had paid to the Ramoses.

If Moseley's allegations be supported by evidence believed by a finder of fact; the $17,251.80 judgment represents a manifest injustice; just such situation as the equitable proceeding of bill of review was designed to prevent. And Moseley is entitled to have a finder of fact determine if he was guilty of negligence under the circumstanc-

es in permitting the default judgment to be taken against him, and not be cut off by summary judgment.

The allegations against Attorney Wright allege no cause of action; however, summary judgment in his behalf was not proper because same precluded exceptions by Attorney Wright so that plaintiff might have had opportunity to amend his pleadings and state a cause of action. *Texas Department of Corrections v. Herring*, Tex.S.Ct., 513 S.W.2d 6–9.

The "final judgment" appealed from of May 5, 1977 is reversed and remanded.

REVERSED and REMANDED.