Eleanor Grace DeCLUITT, Appellant,

v.

Douglas R. DeCLUITT, Appellee.

No. 6254.

Court of Civil Appeals of Texas,
Waco.

Feb. 26, 1981.

Rehearing Denied April 9, 1981.

Louise B. Raggio and Kathleen P. Buck, Raggio & Raggio, Inc., Dallas, James O. Terrell, Waco, for appellant.

Vance Dunnam, Dunnam, Dunnam, Horner & Meyer, Waco, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal by plaintiff Eleanor G. DeCluitt from summary judgment she take nothing in a Bill of Review action to set aside a divorce judgment and alternatively the property division portion thereof.

Plaintiff Mrs. DeCluitt filed Bill of Review on January 2, 1980 against defendant Mr. DeCluitt to set aside divorce judgment between the parties rendered April 10, 1978, and alternatively to set aside the property division portion of such judgment, and seeking a new trial, and a different judgment more favorable to plaintiff. Plaintiff alleged defendant obtained the divorce judgment by threats, duress, false statements amounting to extrinsic fraud; that she was mentally and physically incompetent of knowingly and voluntarily executing [waiver and property settlement agreement]; that defendant was present in the marital residence and in the same bed with her every night during the pendency of the divorce and 30 days after the divorce, coupled with his assurances to her that he would treat her fairly; coupled with her mental and physical incapacity at the time, prevented fair and just litigation; and a fair and equitable property division; that she employed no attorney; was mentally incapable of understanding the need for an attorney; that she was awarded only a fraction of the assets she would have received in an equal division of the community property; that defendant's financial statement fixed the parties' net worth at $163,500; that the parties' true net worth was much greater; that she has a meritorious defense to the suit; was prevented from asserting same by defendant's actions unmixed with any negligence of her own; that as soon as she recovered her mental health and learned she had been deceived as to the extent of the community property she filed this action.

Defendant answered by general denial and plead plaintiff estopped to set aside the judgment and/or property settlement agreement because she had voluntarily accepted the benefits adjudged her under the divorce judgment and agreement; had continued to accept the benefits to the present time; that she was negligent as a matter of law; that defendant has remarried, creating a new community estate and it would be impossible to return the status quo; that plaintiff is guilty of laches; that plaintiff had failed to offer to do equity; and prayed plaintiff take nothing.

Thereafter, defendant filed motion for summary judgment alleging 1) plaintiff failed to tender the voluntary benefits she received under the divorce judgment and agreement incorporated therein and continued to accept same; 2) was negligent as a matter of law in failing to move for new trial or appeal from the judgment; 3) that defendant has remarried, created a new community estate; disposed of many of the assets he received in the divorce judgment and agreement; that his rights, his present wife's rights, and creditors' rights would be prejudiced if the divorce judgment be set aside; 4) that plaintiff was guilty of laches in waiting more than 20 months after the divorce to file her Bill of Review; and prayed summary judgment plaintiff take nothing.

Plaintiff answered defendant's motion asserting she accepted benefits because of poverty and financial duress; that the total benefits accepted amount to some $58,000; that if her Bill of Review be granted she would receive a far greater amount; that the rights of defendant's new wife will not be prejudiced by granting of the Bill of Review; that she was not negligent in not moving for new trial and appealing the judgment; that she was not guilty of laches; and that she was diligent in filing her Bill of Review.

The trial court granted defendant's motion and rendered summary judgment plaintiff take nothing.

Plaintiff appeals on one point: "The trial court erred in granting the motion for summary judgment".

Defendant Mr. DeCluitt filed for divorce February 7, 1978; Mrs. DeCluitt signed a waiver of citation on February 9, 1978; Mrs. DeCluitt signed a property settlement agreement on April 10, 1978; Mr. DeCluitt and his attorney proved up the divorce on April 10, 1978; Mrs. DeCluitt did not appear in court.

The judgment rendered April 10, 1978, decreed the parties divorced; decreed Mrs. DeCluitt be Managing Conservator of the parties' minor son (with visitation rights to Mr. DeCluitt); and further decreed the community property of the parties be divided as set out in the parties' Property Settlement Agreement.

Under such Property Settlement Agreement, Mrs. DeCluitt received: 1) the right to occupy the parties' home as long as she remain single; 2) a 1973 Buick; 3) all household furniture; 4) insurance policies on herself; 5) $10,000 cash; 6) a 1.2 carat diamond ring; 7) a demand note for $15,000 bearing 10% interest; 8) personal items of clothing and jewelry.

Mr. DeCluitt received: 1) the home (subject to Mrs. DeCluitt's right of occupancy) with the duty to pay taxes and insurance; 2) two sailboats with trailers; 3) Ridgewood Country Club Membership; 4) stocks in Sovereign Corporation, Praetorian Corporation, Excalibur Corporation, Centurion Corporation, The Villages, Bayley Corporation, and Pennzoil Corporation; 5) all money in bank accounts and Certificates of Deposit; 6) insurance policies on himself; 7) 1973 Chevrolet; 8) all personal items.

The agreement further obligated Mr. DeCluitt to pay all community debts; pay Mrs. DeCluitt $800. per month contractual alimony until the son reaches 18; and then $600. per month until her death; to pay the son's medical bills and 4 years of college.

Plaintiff Mrs. DeCluitt filed her Bill of Review on January 2, 1980.

On April 9, 1980 defendant Mr. DeCluitt filed motion for summary judgment that plaintiff take nothing. Such motion was supported by Mr. DeCluitt's affidavit that

he had delivered to Mrs. DeCluitt all property under the property settlement agreement (some $27,000. in money and property) and had made all payments of $800. per month to her plus $125. per month interest on the $15,000. note; had paid all insurance and taxes on the home she lived in; that she had voluntarily accepted the payments and benefits, retained same, was gainfully employed since May 1979, and under no financial compulsion to accept or retain such benefits and payments; that he had remarried and made many changes in the properties received by him; and that Mrs. DeCluitt had tendered none of the benefits received by her pursuant to the Agreement and judgment to him, and she presently retains such benefits.

Mrs. DeCluitt filed her opposing affidavit that she accepted the property, money, benefits and payments from Mr. DeCluitt because she was then and still is without sufficient funds to provide the necessities of life; that she had no separate estate; received no child support and had no other income whatsoever until March 1979 when she took a job paying a net income of $367. per month which is totally inadequate for her to live and support her son. Other summary judgment evidence in the affidavits and depositions on file reflect: Mrs. DeCluitt was mentally and physically ill for several years beginning in 1973; that she was under the care of psychiatrists for years; went into a psychiatric hospital in Galveston for 2 months in September 1976; that she started drinking; was chronically drunk by 1977 and remained so until June 1979; that she was induced to sign the property settlement agreement by Mr. DeCluitt's promises to treat her justly; and as a result of his threats to take the son away from her if she did not sign it; that she was totally deceived as to the amount of community property owned until December 1979; that she received a grossly inequitable and disproportionately small share of the community assets in the settlement agreement; that the community assets had a value of at least $409,562 at the time of the divorce decree. There is also evidence that the settlement was fair and that Mrs.

DeCluitt received a proportionate share of the community assets.

A bill of review is an equitable proceeding designed to prevent manifest injustice. Before a litigant can successfully set aside a final judgment by bill of review, he must allege and prove within the time allowed: 1) a meritorious defense to the cause of action alleged to support the judgment; 2) which he was prevented from making by fraud, accident or wrongful act of the opposite party; 3) unmixed with any fault or negligence on his own part. *French v. Brown*, S.Ct., 424 S.W.2d 893; *Moseley v. Ramos*, CCA (Waco) NWH, 559 S.W.2d 894.

In reviewing a summary judgment, it is the duty of appellate courts to apply the following rules which are applicable to this case: 1) The movant for summary judgment (defendant Mr. DeCluitt) has the burden of showing there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. Rule 166–A(c) TRCP; *Gibbs v. General Motors Corp.*, S.Ct., 450 S.W.2d 827. 2) In deciding whether or not there is a disputed material fact issue precluding summary judgment, evidence favorable to the non movant (plaintiff Mrs. DeCluitt) will be taken as true. *Cowden v. Bell*, S.Ct., 157 Tex. 44, 300 S.W.2d 286. 3) Every reasonable inference must be indulged in favor of non movants, and any doubts resolved in their favor. *Wilcox v. St. Mary's University of San Antonio*, S.Ct., 531 S.W.2d 589. 4) A party opposing the motion for summary judgment is not required to establish his right to prevail. *Glenn v. Prestegord*, S.Ct., 456 S.W.2d 901; *Moseley v. Ramos*, supra. 5) When a defendant moves for summary judgment on the basis of an affirmative defense (as here), he must conclusively prove all essential elements of that defense. *Swilley v. Hughes*, S.Ct., 488 S.W.2d 64.

Fraud vitiates every transaction tainted by it, even the solemn judgment of courts of record. *Crow v. Crow*, CCA (Waco) NWH, 485 S.W.2d 928, 929; and the existence of fraud is a question of fact for

the trier of facts. *Drinkard v. Ingram*, S.Ct., 21 Tex. 650; *Graham v. Roder*, S.Ct., 5 Tex. 141; *Williams v. Southern Trust & Mortg. Co.*, CCA (Waco) NRE, 537 S.W.2d 91; *Farnsworth v. Dolch*, CCA (Waco) NRE, 488 S.W.2d 531; *Young v. Texas Emp. Ins. Assn.*, CCA (Waco) NWH, 488 S.W.2d 551; *Bates v. First National Bank of Waco*, CCA (Waco) NWH, 502 S.W.2d 181; *Middleman v. Atlantic Mut. Ins. Co.*, CCA (Waco) NRE, 597 S.W.2d 565; *Dudley v. Lawler*, CCA (Waco) NWH, 468 S.W.2d 160.

■ The record on summary judgment here creates a fact issue as to whether plaintiff had a meritorious defense to the court's judgment dividing the community property, which she was prevented from making by fraud or the wrongful acts of defendant, unmixed with any fault or negligence on her part. Likewise, the existence of laches on the part of plaintiff under the record is also a fact issue. *Crow v. Crow*, CCA (Waco) NWH, 485 S.W.2d 928, 929. And defendant's remarriage, creation of new community estate, disposal of some assets received in the divorce judgment, does not as a matter of law entitle defendant to the summary judgment, as there is no showing that whatever prejudice defendant might experience cannot be remedied on the retrial of the case. *Hornblower, Weeks, Noyes & Trask, Inc. v. Reedy*, CCA (Dallas) NWH, 587 S.W.2d 433.

There remains only the question of whether plaintiff's failure to tender the benefits she had received under the divorce judgment and agreement incorporated therein, and continuing to accept same, entitles defendant to the summary judgment as a matter of law.

■ Generally, a party cannot receive benefits under a judgment, fail to tender them back, and still complain of the judgment. The rule has been applied to both appeals and bill of review cases. *Carle v. Carle*, S.Ct., 149 Tex. 469, 234 S.W.2d 1002; *Biggs v. Biggs*, CCA (14 Houston) Er.

Dism'd, 553 S.W.2d 207. But there are two exceptions to the foregoing rule: 1) Where a reversal of the judgment could not reduce the benefits received, he is not estopped to prosecute an appeal which involves only the right to further recovery; *Carle v. Carle*, supra; *Hornblower, Weeks, Noyes & Trask, Inc. v. Reedy*, supra; *Haggard v. Haggard*, CCA (Dallas), 550 S.W.2d 374; *Kidd v. Kidd*, CCA (Austin) NWH, 584 S.W.2d 552. 2) Acceptance and retention of benefits due to financial duress; *Haggard v. Haggard*, supra; *McCartney v. Mead*, CCA (1 Houston) NWH, 541 S.W.2d 202.

■ We think plaintiff's affidavit creates a fact issue as to whether she accepted the benefits and has not tendered them back, was due to financial need and duress; and we think the record further creates a fact issue as to whether plaintiff would receive on retrial a greater recovery than she has received to date under the former judgment.

Plaintiff's point is sustained in part. The judgment is affirmed insofar as it decrees plaintiff take nothing by her Bill of Review to set aside that portion of the April 10, 1978 judgment decreeing the parties divorced and appointing plaintiff Managing Conservator of the minor child;[1] the balance of the judgment is severed; reversed; and remanded for trial on plaintiff's Bill of Review of the property division and property settlement agreement.

AFFIRMED IN PART, REVERSED & REMANDED IN PART.

---

1. Counsel for plaintiff in oral argument stated plaintiff no longer desires to set aside the decree of divorce, but only the property division portion thereof.