Dawn NELSON, Appellant,

v.

John E. WILLIAMS, Jr., Appellee.

No. 10–01–00027–CV.

Court of Appeals of Texas, Waco.

March 24, 2004.

Tommy L. Pettiette, Law Office of Tommy L. Pettiette, Kevin Dubose, Russell S. Post, Hogan, Dubose & Townsend, L.L.P., Houston, for appellant.

Richard N. Countiss, Law Office of Richard N. Countiss, Grant J. Harvey, Gibbs & Bruns, L.L.P., Edward J. O'Neill Jr., Clements, O'Neill, Pierce & Nickens, L.L.P., Houston, Bob Burleson, Naman, Howell, Smith & Lee, P.C., Temple, for appellee.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

## MEMORANDUM OPINION

BILL VANCE, Justice.

Appellant Dawn Nelson appeals from a summary judgment in favor of her former husband, John E. Williams, Jr.

### General Background

Nelson sued her attorneys, her accountant, her former husband, and their firms on several grounds arising out of a settlement agreement in her divorce from Williams. She also sought an equitable bill of review. Williams filed a counterclaim and moved for summary judgment. The trial court ordered that two threshold issues—whether the original divorce decree was rendered as a result of extrinsic fraud by Williams and whether there was any fault or negligence attributable to Nelson—be tried prior to other issues in the case. After considering Williams's summary judgment motion, the trial court granted a partial summary judgment on all claims asserted against him by Nelson. To finalize the judgment for appeal, Williams's counterclaim was severed by agreement.[1]

### Assertions in the Bill of Review

Williams is a licensed Texas attorney and one of five lawyers retained by the State of Texas to represent its interests in a lawsuit against a number of tobacco companies. Nelson alleged that one day after the entry of the decree of divorce, a major tobacco company settled with twenty-two plaintiff States, which in turn directly led to the settlement of the Texas case. Williams's contingent-based fee was alleged to be in excess of $200,000,000. Nelson further alleged that immediately prior to her agreement to settle on a division of community property, Williams threatened to close down his law practice and render it worthless if Nelson insisted on having an appraisal of the law firm's value. Nelson contends she had no choice but to agree to the settlement and that Williams's actions and knowledge prevented her from presenting a meritorious claim in the divorce. She also alleged that Williams misrepresented to her the value of his interest in his law firm.

---

1. Nelson had non-suited all other defendants.

## Requisites for a Successful Bill of Review

 A bill of review is an independent equitable action brought by a party to a former action seeking to set aside a judgment which is no longer appealable or subject to a motion for new trial. *Baker v. Goldsmith*, 582 S.W.2d 404, 406 (Tex. 1979). Because according finality to judgments is a matter of fundamental importance, bills of review seeking relief from final judgments are scrutinized with "extreme jealousy, and the grounds on which interference will be allowed are narrow and restricted." *Montgomery v. Kennedy*, 669 S.W.2d 309, 312 (Tex.1984). The three elements necessary to set aside the prior judgment are: (1) a meritorious claim or defense to the cause of action alleged to support the judgment; (2) an excuse justifying the failure to make the defense which is based on extrinsic fraud, accident, or wrongful act of the opposing party; and (3) an excuse unmixed with the fault or negligence of the plaintiff. *Ortega v. First RepublicBank Fort Worth*, 792 S.W.2d 452, 453 (Tex.1990); *Beck v. Beck*, 771 S.W.2d 141, 141 (Tex.1989). Thus, relief by bill of review is available only if a party has exercised due diligence to pursue all adequate legal remedies against a former judgment and through no fault of her own, no adequate legal remedy was available. *Tice v. City of Pasadena*, 767 S.W.2d 700, 702 (Tex.1989). A bill of review is designed to prevent manifest injustice, but the fact that an injustice may have occurred is not sufficient cause to justify relief by a bill of review. *Alexander v. Hagedorn*, 148 Tex. 565, 226 S.W.2d 996, 998 (1950).

## Standard of Review—Summary Judgment

The standards for reviewing a summary judgment are well established. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548 (Tex.1985). The movant has the burden of showing that no genuine issue of material fact exists and that he is entitled to the summary judgment as a matter of law. *Id.* The reviewing court must accept all evidence favorable to the non-movant as true. *Id.* at 548–49. Every reasonable inference must be indulged in favor of the non-movant and all doubts resolved in her favor. *Id.* at 549. A defendant who conclusively negates at least one of the essential elements of a cause of action is entitled to a summary judgment as to that cause of action. *Randall's Food Mkts., Inc. v. Johnson*, 891 S.W.2d 640, 644 (Tex.1995) (citing *Wornick Co. v. Casas*, 856 S.W.2d 732, 733 (Tex.1993), and *Gibbs v. General Motors Corp.*, 450 S.W.2d 827, 828 (Tex.1970)).

## Issues on Appeal

Nelson presents three issues on appeal:

1. Did the trial court err in granting summary judgment in favor of Williams on Nelson's bill of review cause of action?

2. Did the trial court err in granting summary judgment without allowing Nelson to obtain relevant discovery?

3. Did the trial court err in granting summary judgment on Nelson's fiduciary duty, fraud, civil conspiracy, and negligence claims based on the doctrines of res judicata or release?

Finding the summary judgment proper, we will affirm.

## Bill of Review—Fault or Negligence

 If, as Williams asserts in his motion for summary judgment, Nelson's fault or negligence was proven as a matter of law, he has successfully negated one element of

her claim and summary judgment is proper. *See id.* We have reviewed the summary judgment evidence under the standards set forth above and find that the evidence conclusively establishes that Nelson failed to exercise due diligence at the time of the division of community property in the divorce. *See id.; Tice,* 767 S.W.2d at 702; *see also Ridenour v. Herrington,* 47 S.W.3d 117, 120 (Tex.App.-Waco 2001, pet. denied) (citing *Triton Oil & Gas Corp. v. Marine Contractors & Supply, Inc.,* 644 S.W.2d 443, 446 (Tex.1982) ("A matter is conclusively established if ordinary minds could not differ as to the conclusion to be drawn from the evidence.")).

We overrule issue one.

## The Discovery Order

In issue two, Nelson contends the trial court erred without allowing adequate discovery before acting on her bill of review. We review a trial court's ruling on matters of discovery for an abuse of discretion. *Templeton v. Dreiss,* 961 S.W.2d 645, 663 (Tex.App.-San Antonio 1998, pet. denied).

■ The question before the court on summary judgment was not the value of the community property prior to the divorce decree, but instead whether Williams had conclusively established his right to a summary judgment. Therefore, the court could have determined that matters sought by Nelson in discovery were not relevant to the threshold issues presented in the bill of review. Under these circumstances, we find no abuse of discretion. *See Markham v. Diversified Land & Exploration Co.,* 973 S.W.2d 437, 441 (Tex.App.-Austin 1998, pet. denied) (holding that discovery sought was not relevant to the matters at issue in the bill of review).

We overrule the second issue.

## Nelson's Remaining Claims

Nelson's final issue alleges the trial court erred in granting summary judgment on her claims of breach of fiduciary duty, fraud, civil conspiracy and negligence. These claims were pled separate from Nelson's bill of review, but concern similar allegations of misconduct by Williams relating to community property maintained prior to the entry of the divorce decree. Williams sought summary judgment on these claims on the grounds of *res judicata* and release.

■ *Res judicata* precludes the relitigation of claims that have been finally adjudicated or that arise out of the same subject matter and could have been raised and litigated in the prior action. *Martin v. Martin, Martin & Richards, Inc.,* 989 S.W.2d 357, 358 (Tex.1998). *Res judicata* applies to a final divorce decree to the same extent that it applies to any other final judgment. *Baxter v. Ruddle,* 794 S.W.2d 761, 763 (Tex.1990). The elements of *res judicata* are: (1) a prior final judgment on the merits by a court of competent jurisdiction; (2) identity of parties or those in privity with them; and (3) a second action based on the same claims as were raised or could have been raised in the first action. *Amstadt v. U.S. Brass Corp.,* 919 S.W.2d 644, 652 (Tex.1996). Where community property is not divided as part of an agreed judgment in a divorce proceeding, res judicata does not apply. *See Stephens v. Marlowe,* 20 S.W.3d 250, 252 (Tex.App.-Texarkana 2000, no pet.). However, all of the claims maintained by Nelson concern the value of the community estate prior to divorce judgment and could have been raised in that proceeding. We find no error in the trial court's disposition of these claims by summary judgment on the ground of *res judicata.*

We need not address Williams's alternative argument that Nelson's claims are

also barred by the written release she entered in the original divorce proceeding. *See Star–Telegram, Inc. v. Doe,* 915 S.W.2d 471, 473 (Tex.1995) (when a trial court's order granting summary judgment does not specify the ground, summary judgment will be affirmed if any of the theories advanced are meritorious).

We overrule issue three.

## Conclusion

Having overruled all of Nelson's issues, we affirm the trial court's summary judgment.

Chief Justice GRAY dissenting.

TOM GRAY, Chief Justice, dissenting.

Nelson presented summary judgment evidence that brought her squarely under the following cases which would entitle her to reversal and remand of this appeal:

1. *Rathmell v. Morrison,* 732 S.W.2d 6 (Tex.App.-Houston [14th Dist.] 1987, no writ);

2. *DeCluitt v. DeCluitt,* 613 S.W.2d 777 (Tex.Civ.App.-Waco 1981, writ dism'd w.o.j.); and

3. *Dudley v. Lawler,* 468 S.W.2d 160 (Tex.Civ.App.-Waco 1971, no writ).

Application of the rule-of-law expressed in any of these cases would result in a reversal of this summary judgment on the bill of review. If this case had not been transferred to us under a docket equalization order, *Rathmell* would be binding precedent on the issue. I cannot imagine a case being any more on point than *Rathmell.* And I believe that when a case is transferred to us under a docket equalization order we should apply the law as stated by the court from where it came. *See Jaubert v. State,* 65 S.W.3d 73, 91 n. 1 (Tex. App.-Waco 2000) (Gray, J., dissenting), *rev'd on other grounds,* 74 S.W.3d 1 (Tex. Crim.App.2002).

In this case, even if we applied our own precedent, we would still reverse it. The majority has chosen to ignore our precedent and otherwise dispose of this appeal by depriving Nelson of the jury trial on a controverted issue of fact, her negligence when faced with threats to render the community estate worthless. I would sustain the first issue and remand this cause for a trial on the bill of review.

Nelson complains in her second issue that she was improperly denied discovery relevant to the presentation of her case. I agree. To establish that she is entitled to a bill of review, she must show a viable defense. *See Baker v. Goldsmith,* 582 S.W.2d 404, 408 (Tex.1979). In the context of a property division, this means she must show that the property she would have received under a just and right division of the marital estate would have been different than what she actually received. *Elliott v. Elliott,* 21 S.W.3d 913, 919 (Tex. App.-Fort Worth 2000, pet. denied). To do this, Nelson needs to be able to show the actual value of the community property estate. She has been prevented from making this showing by being prohibited from obtaining discovery. I would sustain Nelson's second issue and hold that on remand, she is entitled to full discovery on this issue.

Because a proper division of the community estate may override issues regarding valuation as raised in the issue, and could be addressed in the trial on the bill of review, I find it unnecessary to reach the third issue at this juncture.

Therefore, I would reverse the summary judgment and remand this cause to the trial court for further proceedings consistent with this opinion. Because the majority does not, I respectfully dissent.