

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

Nos. 07-19-00156-CV
07-19-00157-CV

**IN THE INTEREST OF B.B.J.**

On Appeal from the 140th District Court
Lubbock County, Texas
Trial Court Nos. 2013-506,729 & 2013-508,395, Honorable Jim Bob Darnell, Presiding

April 1, 2020

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER, and HATCH, JJ.[1]

"Could it be that I have found my home at last, home at last."[2]

J.E., father of B.B.J., appeals from a final judgment granting the bill of review of M.J. (biological mother of B.B.J.) and reversing an order terminating her parental rights. Multiple issues lay before us. Issue Two is dispositive of the appeal. We sustain the issue and reverse.

---

[1] Honorable Les Hatch, Judge, 237th District Court, sitting by assignment.

[2] Steely Dan, *Home at Last, on* AJA (UMG Recordings 1977).

*Issue Two*

Via his second issue, J.E. contends that "the district court's judgment should be reversed, and rendered, because the jury's unanimous 'No' answer to Question 1 rejected M.J.'s . . . theory that the affidavit was the result of fraud or duress." Furthermore, § 161.211(c) "requires challenges to voluntary relinquishments be limited to these grounds." We agree.

Per statute, a "direct or collateral attack on an order terminating parental rights based on an unrevoked affidavit of relinquishment of parental rights or affidavit of waiver of interest in a child is limited to issues relating to fraud, duress, or coercion in the execution of the affidavit." TEX. FAM. CODE ANN. § 161.211(c) (West 2014); *In re B.H.*, No. 02-15-00155-CV, 2015 Tex. App. LEXIS 10450, at *9 (Tex. App.—Fort Worth Oct. 8, 2015, no pet.) (mem. op.). The provision applies to a bill of review since it is a direct attack on a judgment. *See Moore v. Brown*, 408 S.W.3d 423, 431–32 (Tex. App.—Austin 2013, pet. denied) (involving a bill of review initiated to reverse an order terminating parental rights); *see also PNS Stores, Inc. v. Rivera*, 379 S.W.3d 267, 271 (Tex. 2012) (citing an appeal, a motion for new trial, and a bill of review as examples of a direct attack). To succeed in a bill of review aimed at negating a termination order based on an unrevoked affidavit of relinquishment, the burden is on the party challenging the affidavit to establish by a preponderance of the evidence that the affidavit was involuntarily executed as a result of fraud, duress, or coercion. *In re K.P.*, No. 10-13-00108-CV, 2014 Tex. App. LEXIS 1922, at *8 (Tex. App.—Waco Feb. 20, 2014, no pet.) (mem. op.); *accord In re Reedle*, No. 05-16-01483-CV, 2017 Tex. App.

2

LEXIS 2091, at *5 (Tex. App.—Dallas Mar. 10, 2017, orig. proceeding) (mem. op.) (involving consideration by the appellate court of an order granting a bill of review and stating that "[o]nce relators demonstrated by clear and convincing evidence that Macy executed the affidavit of relinquishment of parental rights . . . the burden shifted to Macy to establish by a preponderance of the evidence that the affidavit was executed as a result of fraud, duress, or coercion").

According to the record, the trial court previously terminated M.J.'s parental rights on two statutory grounds. One concerned her execution of an unrevoked affidavit of relinquishment. Upon convening a jury trial on the bill of review, the trial court submitted several questions to the jury. Through the first one, it was asked: "Did [M.J.] execute the Mother's Affidavit for Voluntary Relinquishment of Parental Rights on April 7, 2013 because of fraud or duress?" The jury said "No." In so answering, it rendered a verdict effectively precluding the trial court and us from nullifying the termination order. This is so because only one statutory ground is required to support a termination. *In re H.L.*, No. 07-17-00070-CV, 2017 Tex. App. LEXIS 6533, at *10 (Tex. App.—Amarillo July 13, 2017, pet. denied) (mem. op.). And, if that ground exists, then, logically, we must uphold the order.[3] So, because one statutory ground cannot be negated given § 161.211(c) and the jury's answer to Question #1, the termination order must stand.

Nevertheless, the trial court disregarded the jury's answer to Question #1. It did so improperly, as we now illustrate.

---

[3] Of course, if the best interests of the child do not warrant termination, then it generally matters not that one or more statutory grounds for termination exist. *See* TEX. FAM. CODE ANN. § 161.001(b)(1), (2) (West Supp. 2017) (allowing termination only upon proof of a specific statutory ground and proof that termination is in a child's best interest). Here, though, the child's best interests are irrelevant since § 161.211(c) does not permit an attack on that basis. *In re K.S.L.*, 538 S.W.3d 107, 110–11 (Tex. 2017) (holding that attacking termination on best interest ground is not permitted when § 161.211(c) applies).

M.J. correctly suggests that an immaterial jury issue may be ignored by the trial court. Yet, she incorrectly suggests that Question #1 submitted a question of law and, therefore, was immaterial. *See Park Plaza Solo, LLC v. Benchmark-Hereford, Inc.,* No. 07-16-00004-CV, 2016 Tex. App. LEXIS 11487, at *11–12 (Tex. App.—Amarillo Oct. 24, 2016, no pet.) (mem. op.) (stating that questions of law submitted to the jury are immaterial and the answers to them may be disregarded). Indeed, that issue encompassed the sole means by which she could negate a particular statutory ground underlying the order of termination. More importantly, that sole means of negating the ground implicated questions of fact. That is, M.J. urged that her execution of the affidavit was induced by fraud or duress. Whether one fell prey to fraud normally is a question of fact. *De Cluitt v. De Cluitt,* 613 S.W.2d 777, 780–81 (Tex. App.—Waco 1981, writ dism'd w.o.j.) (stating that the existence of fraud is a question of fact). The same is no less true of falling prey to duress. *Wright v. Sydow*, 173 S.W.3d 534, 544 (Tex. App.—Houston [14th Dist.] 2004, pet. denied) (stating that while what constitutes duress is a question of law, whether it exists in a particular situation is a question of fact dependent upon all the surrounding circumstances). And, M.J. herself offered evidence on those inherently factual questions tending to be averse to her position. That evidence consisted of her testifying to 1) "freely and voluntarily" executing the affidavit relinquishing her parental relationship with B.B.J., 2) reviewing the terms of the document and understanding each of them, 3) responding "no" when asked "if any force [was] used or implied against you in order to sign these documents," and 4) acknowledging that there were no illegal threats. It created the requisite fact issues requiring submission of Question #1 to the jury. Given the presence of a fact issue

4

underlying Question #1, the trial court was not free to substitute its interpretation of the evidence for the jury's nor disregard the issue as involving a question of law.

As for M.J.'s contention that Question #1 was nothing more than a component of the meritorious defense prong of *Baker v. Goldsmith*, she ignores the reality of § 161.211(C).[4] Her bill of review was not of ordinary ilk. Instead, the judgment she tried to avoid implicated a legislative edict limiting the way it could be nullified. Her burden, per that edict, involved more than merely offering prima facie evidence of fraud, duress, or coercion to satisfy the first prong of *Baker*. It was to prove, by a preponderance of the evidence, that the misconduct induced her execution of the affidavit. *In re Reedle, supra*; *In re K.P., supra*. Her obligation was to convince the trier of fact that she succumbed to fraud, duress, or coercion when executing the affidavit. It was not to merely present prima facie evidence of such misconduct entitling her to judgment ***if no contrary evidence were offered***. The latter is all the typical bill of review petitioner need do to satisfy the first prong of *Baker*. *Baker v. Goldsmith*, 582 S.W.2d at 408–09. Carrying that burden merely allows the bill of review to proceed to the next step, that being a trial on the remaining *Baker* prongs. *See id.* at 408 (stating that "[t]his preliminary showing is essential in order to assure the court that valuable judicial resources will not be wasted by conducting a spurious 'full-blown' examination" on the remaining prongs). It does not result in an actual finding that the petitioner fell prey to fraud, duress, or coercion. Indeed, such a finding may never arise. This is so because the presence of fraud, duress, and coercion may never get fully tried if the underlying

---

[4] Per *Baker*, one petitioning for a bill of review generally has the burden to establish 1) a meritorious defense to the cause of action underlying the judgment, 2) which the petitioner was unable to urge due to fraud, accident, or wrongful act on the part of the opposing party, and 3) unmixed with any fault or negligence of the petitioner's. *Baker v. Goldsmith*, 582 S.W.2d 404, 406–07 (Tex. 1979).

judgment is vacated due to the petitioner satisfying *Baker* and its components for a successful bill of review.

Successfully prosecuting a bill of review entitles the petitioner to a new trial on the underlying cause of action. *Christi v. Christi*, No. 01-16-00408-CV, 2017 Tex. App. LEXIS 554, at *3 (Tex. App.—Houston [1st Dist.] Jan. 27, 2017, no pet.) (mem. op.); *see Hartford Underwriters Ins., Inc. v. Mills*, 110 S.W.3d 588, 590–91 (Tex. App.—Fort Worth 2003, no pet.) (noting that a bill of review that avoids a prior judgment but does not dispose of the case on the merits is interlocutory). At that point, the successful petitioner may opt to forgo the defense, "'leaving the [petitioner] the right, if he sees fit, to rely merely upon the weakness of his adversary's case.'" *Baker v. Goldsmith*, 582 S.W.2d at 408 (quoting *Crosby v. Di Palma*, 141 S.W. 321, 325 (Tex. Civ. App.—El Paso 1911, writ ref'd n.r.e.)). That prospect hardly fulfills the legislative mandate limiting the reversal of a termination order encompassed by § 161.211(c) to proving fraud, duress, and coercion.

In sum, the jury's answer to Question #1 disposed of the bill of review. It could not be granted. This is so since the termination was based, in part, on an unrevoked affidavit of relinquishment free of fraud or duress, according to the jury. The trial court's decision to disregard the jury's answer to Question #1, grant the bill, and nullify the termination order was harmful error. Finally, our resolution of Issue Two disposes of the appeal and relieves us from having to consider J.E.'s remaining issues.

We sustain J.E.'s second issue, reverse the trial court's judgment, and render judgment denying M.J.'s bill of review. *See* TEX. R. APP. P. 43.2(c) (stating that the court

of appeals may reverse the trial court's judgment and render that which the trial court should have rendered).

Brian Quinn
Chief Justice