HORNBLOWER, WEEKS, NOYES & TRASK, INC., Appellant,

v.

Donald R. REEDY, Appellee.

No. 19940.

Court of Civil Appeals of Texas, Dallas.

July 11, 1979.

Rehearing Denied Sept. 19, 1979.

Joel Held, Bruce A. Budner, Durant, Mankoff, Davis, Wolens & Francis, Dallas, for appellant.

Michael Lowenberg, Robert B. Crotty, Akin, Gump, Hauer & Feld, Dallas, for appellee.

Before AKIN, ROBERTSON and HUMPHREYS, JJ.

HUMPHREYS, Justice.

Appellant appeals from a permanent injunction granted by the trial court against execution on an agreed judgment entered into by appellant and appellee in 1976. The issues are whether appellant's notice of default sent by certified mail instead of regular mail as provided in the agreed judgment was proper and whether appellee made proper tender within the grace period. We hold as a matter of law that the notice by certified mail was sufficient and that a

valid tender was not made. Consequently, we reverse and render.

The agreed judgment required appellee to pay appellant $1,000 on April 1, 1977, and $1,000 on June 1, 1977. A third payment of $2,000 was due on June 1, 1978. When appellee did not make payment on June 1, 1978, appellant sent by certified mail, notice on June 5th to appellee's home address. According to the agreed judgment, notice was deemed received June 7, the second day after mailing. The judgment provides for a twenty-one day grace period after written notice for appellee to cure the default. Appellee asserts that he never received the notice because he was out of town when it was delivered. When appellee returned, he tried to reach Joel Held, an attorney for appellant who was designated in the judgment to receive payment. According to his affidavit,[1] appellee knew that a payment was due but did not recall where he should make payment. He also called Sam Lapp, a former employee of appellant and an employee of appellant's successor, and offered to bring him the $2,000 payment, but Lapp refused to accept it. Finally, appellee mailed a cashier's check to appellant on July 19 after the grace period had expired, but again it was refused. Appellant obtained a writ of execution and the sheriff posted for sale certain real property owned by the appellee. This action for injunction was then instituted by appellee, and appellant counterclaimed for declaratory judgment that the entire amount of the judgment was due and owing. The trial judge granted the injunction, denied the counterclaim, and ordered the two thousand dollars in the court's registry paid to appellant.

We first address appellee's contention that this court lacks jurisdiction because the appeal is moot. He argues that the district clerk sent a cashier's check in the sum of $2,000 to appellant in accord with the trial court's judgment because the appellant failed to file a supersedeas bond. Although appellant declined to accept the check, appellee contends that the failure to supersede the judgment is equivalent to acceptance. Thus, he reasons that since appellant accepted the benefits of the judgment, he is estopped to appeal and that this appeal is moot. We cannot agree with this reasoning.

In the first place, failure to file a supersedeas bond is not equivalent to accepting benefits under the judgment. A supersedeas bond is an option available to a losing defendant to prevent enforcement of provisions of a judgment unfavorable to him by seizure of his property or otherwise. Tex.R.Civ.P. 364. A losing plaintiff normally has no reason to supersede because denial of his relief leaves nothing to enforce pending appeal. If the judgment contains a provision in his favor, such as payment of money into court for his benefit, he need not supersede the judgment; he may simply leave the money in the registry of the court, as appellant did here. Thus the appellee is fully protected against any premature enforcement of the judgment if it should be reversed.

In the second place, even if appellant had accepted the $2,000 cashier's check under the present judgment, no question of estoppel is raised because even under appellee's theory, appellant was entitled to the sum of $2,000 as a matter of law. *See Carle v. Carle,* 149 Tex. 469, 234 S.W.2d 1002, 1004 (1950); *Haggard v. Haggard,* 550 S.W.2d 374, 376 (Tex.Civ.App.—Dallas 1977, no writ). In support of appellee's contention of estoppel, appellee cites *City of Mesquite v. Rawlins,* 399 S.W.2d 162 (Tex.Civ.App.—Tyler 1966, writ ref'd n.r.e.). In that case, the City of Mesquite had sued the defendant for ad valorem taxes and obtained judgment on a jury verdict for a certain sum. After judgment was rendered on the verdict, the defendant paid the entire amount of the judgment which was accepted by the City. Since the City was dissatisfied by the amount of taxes due as found by the jury, the City appealed. In dismissing that ap-

---

1. This case was tried by agreement on depositions, briefs and pleadings, which included this affidavit.

peal, the court held that by accepting payment, the judgment was satisfied. That court concluded that the City was estopped because it had accepted the full benefit of the judgment and thus had acquiesced in the judgment. In the present case, even if appellant had accepted the $2,000 sum in the court's registry, no estoppel would lie since appellant had not gained an undue advantage nor would any loss or injury have been incurred by appellee. Estoppel does not apply unless the other party would be prejudiced by the appeal to the extent that the wrong could not be remedied upon retrial or unless the appealing party has clearly acquiesced in the judgment. *Haggard v. Haggard*, 550 S.W.2d at 376. As we have earlier noted, even under appellee's theory of the case, as a matter of law, appellant was entitled to the $2,000 installment. Consequently, even upon retrial, appellant would receive this sum. This, of course, was not true in *Rawlins*. We conclude, therefore, that *City of Mesquite v. Rawlins* is not controlling here.

▪ Finally, a case is moot only if the decision of this court can have no effect upon the rights of the parties. *McNeill v. Hubert*, 119 Tex. 18, 23 S.W.2d 331, 333 (1930). Here, even if appellant had accepted the $2,000, the controversy is not moot because the question of whether appellant had the right to accelerate payment has yet to be determined by this court and is the ultimate question on this appeal. Accordingly, we hold that we have jurisdiction to determine this appeal.

▪ With respect to the merits, the trial court concluded as a matter of law that appellant's notice of default sent by certified mail is not regular mail as required by the judgment and, therefore, the grace period never commenced running. Appellant contends that the court erred in concluding that certified mail did not fall within the ambit of regular mail as required by the agreed judgment. We agree with appellant that notice by certified mail was sufficient to comply with the contractual requirement in the agreement judgment. The obvious purpose of the notice provision is to give appellee extra time should he forget the payment. Certified mail is commonly designed to better insure that the proper person receives a particular piece of mail because certified mail receives a higher degree of care from the postal authorities than mail posted ordinarily. Appellee argues, however, that the notice would have remained at his address if sent by ordinary mail and thus he would have received it. We cannot agree with this contention because certified mail was better calculated to inform him of the overdue payment. We take judicial notice that a memorandum is left informing a person when an attempt to deliver certified mail is made. Furthermore, the contract provided that the notice would be deemed to have been received two days after posting regardless of whether it was in fact received. Accordingly, we hold that notice by certified mail was sufficient to comply with this contract and, thus, commenced the running of the grace period for payment two days after posting on June 5, 1977. Consequently, the twenty-one day grace period expired on June 28, 1977.

▪ We next turn to the question of whether appellee made a valid tender of payment within the grace period which ended June 28. Although the agreed judgment specifically provides for payment to be mailed to Held at his business address, appellee claims to have telephoned Held's office to offer payment and to have telephoned Lapp before the grace period ended; however, he was unsuccessful in talking to Held and Lapp refused to accept the orally tendered payment. We hold that any offer on the telephone to pay Lapp and any unsuccessful call to Held is not a valid legal tender. Valid tender consists of the actual production and relinquishment of the funds. *Baucum v. Great American Insurance Co. of New York*, 370 S.W.2d 863, 866 (Tex. 1963). Appellee argues that tender would have been futile here because Lapp refused payment. We cannot agree because Lapp's refusal to accept payment did not excuse tender since he was not the person authorized by the agreed judgment to accept payment. Appellee should have delivered pay-

ment to Held at his business address prior to June 28. Since he did not do so, appellants properly accelerated payment under the terms of the agreed judgment.

Accordingly, we reverse the injunction of the trial court and render judgment for appellant decreeing that $23,800 plus $1,000 attorney's fees is due and owing appellant by appellee.