Dennis BAT'TLES, Appellant,

v.

**BOARD OF ADJUSTMENT AND APPEALS OF the CITY OF IRVING, Texas, Appellee.**

No. 05–85–00576–CV.

Court of Appeals of Texas, Dallas.

April 10, 1986.

H. Louis Nichols, Kelly F. Robbins, Dallas, for appellant.

Don J. Rorschach, City Atty., Charles R. Anderson, Asst. City Atty., Irving, for appellee.

Before VANCE, DEVANY and HOWELL, JJ.

VANCE, Justice.

Dennis Bat'tles, a neighboring property owner and taxpayer, appeals from a district court judgment upholding the Irving Zoning Board of Adjustment's decision to grant two, five-foot variances per lot to Marvin Randle and Randle Properties for their subdivision. In four points of error, Bat'tles contends that: (1, 2, 4) the board and the trial court erred in granting the variances as there is not substantial evidence of undue hardship to Randle, except for self-imposed financial hardship, and (3) the decision of the the board and the trial court is void because granting the variances constituted a change of zoning by the board. Additionally, the Board of Adjustment moves that the appeal be dismissed for mootness as Randle has already developed and sold some of the lots in question. After considering and overruling the Board's motion to dismiss, we reverse and render judgment for Bat'tles because there was not substantial evidence of an undue hardship to Randle absent the variances.

First we must examine the board's motion to dismiss the appeal for mootness. The board contends that Randle has installed streets, alleys, sewers, and utility lines for the subdivision at a cost of $337,000.00 based on the Board's grant of the variances. Further, Randle has sold nine of the lots and has started construction on a number of lots. The board contends that it was Bat'tles responsibility to seek a restraining order from the trial court under article 1011g(k) or to file a supersedeas bond as provided under TEX.R.CIV.P. 364 if he wished to prevent the development of the property. The Board further urges that the beginning of construction has given Randle and his assigns nonconforming use rights because construction was commenced at a time in which it was lawful to do so. *Gala Homes v. Board of Adjustment of the City of Killeen*, 405 S.W.2d 165 (Tex.Civ.App.—Austin 1966, writ ref'd n.r.e.).

Under article 1011g(e), when a complainant appeals an administrative officer's zoning decision to the Board of Adjustment all proceedings in furtherance of the action appealed from are automatically stayed unless the officer from whom the appeal is taken files a certificate showing that the stay would cause imminent peril to life or property. If the officer files such a certificate, then the complaining party must apply to the board or to a court of record for a restraining order and show good cause. However when the complaining party appeals the board's decision to the district

court by filing a writ of certiorari, a stay is not granted unless the district court specifically grants a restraining order. Article 1011g(k) provides:

> Upon presentation of such petition the court may allow a writ of certiorari directed to the Board of Adjustment to review such decision of the Board of Adjustment and shall prescribe therein the time within which a return thereto must be made and served upon the relator's attorney, which shall not be less than ten (10) days and may be extended by the court. *The allowance of the writ shall not stay proceedings upon the decision appealed from, but the court may, on application, on notice to the Board and on due cause shown, grant a restraining order.* (Emphasis added).

The statute is silent, however, on the procedure for obtaining a stay pending an appeal of the district court's decision to a court of appeals.

■ A certiorari proceeding to review an order of a city board of adjustment denying an exception to a zoning ordinance is a civil suit. *City of San Angelo v. Boehme Bakery,* 144 Tex. 281, 190 S.W.2d 67, 70 (1945). Thus, the question as to whether this case has become moot is governed by the same rules as any other civil litigation. There are no cases specifically addressing mootness in this context. Generally, a case is moot only if the decision of the appellate court can have no effect upon the rights of the parties. *Hornblower, Weeks, Noyes & Trask, Inc. v. Reedy,* 587 S.W.2d 433, 435 (Tex.Civ.App.—Dallas 1979, no writ). Here, our decision to reverse the district court's judgment would eliminate the variances granted by the board and would require the properties to be developed in accordance with the zoning ordinance. If this could not be done due to actions taken by Randle during the pendency of this appeal, then Bat'tles would be entitled to seek damages. In *Brinegar v. Henderson Hardware Co.,* 95 S.W.2d 740 (Tex.Civ.App.—Austin 1936, no writ), the Austin Court stated:

> a judgment may be enforced during pendency of appeal, unless it be superseded by such a bond as the law requires. Judgment having been enforced, the party who has taken the benefit thereof will, in case of reversal by the appellate court, be required to restore what he has received by enforcing his judgment.

*Id.* at 740. Because the statute is silent on whether a bond or a restraining order was required, we must follow the general law of civil suits which does not require a losing plaintiff to seek a bond or a restraining order. *Hornblower, Weeks, Noyes & Trask, Inc. v. Reedy,* 587 S.W.2d 433, 434 (Tex.Civ.App.—Dallas 1979, no writ). Thus, we overrule the board's motion to dismiss the appeal for mootness.

■ The issue which is dispositive of this appeal is contained in Bat'tles first, second, and fourth grounds of error: at the time of the hearing before the Board of Adjustment, whether there was substantial evidence of undue hardship on Randle, other than self-imposed financial hardship, to justify the grant of the variance? We find that there was not.

In 1984, Randle applied to the City of Irving to change the zoning classification on his property from "A," dwelling, to "R–6," Single Family Residential Zoning. At the same time, Randle filed a subdivision plat with the City which showed lots fifty-five feet in width and with a front building setback line of twenty-five feet. The required minimum width of a lot in an "A" residential district was sixty feet and the required minimum front setback was thirty feet. On September 13, 1984, the Irving City Council by resolution directed the city attorney to prepare an ordinance granting "R–6" Single Family Residential Zoning on the Randle property and at the same time approved the plat of the subdivision. On September 27, 1984, the ordinance failed to receive the required number of votes and was not adopted. The property retained its "A" residential zoning classification. On October 4, 1984, Randle filed an application

to the Board of Adjustment seeking two, five-foot variances on each of the lots.

At the hearing before the board, Joe Putnam, who represented Randle, testified that Randle's hardship was financial due to the failure of the city council to pass the ordinance changing the property's zoning to R–6. Putnam stated:

I might add, also on September 13th he [Randle] received preliminary approval of the upgrading in the zoning. However, as a result of circumstances which are beyond my client's control, approval by the city council for upgrading the zoning from "A" (single family) to "R–6" was not approved. And the result of these circumstances, my client finds himself which has resulted and does result in a substantial hardship to him. He has invested in the purchase of this property, and the preliminary submission to the city council, substantial sums of money. ... If he is unable to develop in accordance with the plan that he has approved, I don't have to tell you the economic loss that he will sustain.

No evidence was offered of any other hardship suffered by Randle.

The board's authority to grant variances from city zoning ordinances is contained in article 1011g which provides:

3. To authorize upon appeal in specific cases such variance from the terms of the ordinance as will not be contrary to the public interest, where, *owing to special conditions,* a literal enforcement of the provisions of the ordinance will result in unnecessary hardship, and so that the spirit of the ordinance shall be observed and substantial justice done. (Emphasis added).

The term "special conditions" has been interpreted to mean that the property is not environmentally suited to be adapted to a conforming use. *Board of Adjustment v. Stovall,* 218 S.W.2d 286, 288–89 (Tex.Civ. App.—Fort Worth 1949, no writ). Here, there was no evidence that the property is not suited to "A" single family residential zoning. The record reflects that Randle's property is rectangular. The only hardship is the loss of four lots. With the variances, Randle can create forty-four lots; without the variances Randle can only create forty lots. This is not a "special condition" as envisioned by the statute. It is merely a financial hardship. A finding of a financial hardship does not constitute substantial evidence of an "unnecessary hardship" under article 1011g. *Board of Adjustment of the City of San Antonio v. Willie,* 511 S.W.2d 591, 594 (Tex.Civ.App.—San Antonio 1974, writ ref'd n.r.e.).

Thus, there is not substantial evidence of any unnecessary hardship suffered by Randle at the time of the hearing before the Irving Zoning Board of Adjustment. Consequently we reverse the trial court's judgment and render judgment for Bat'tles.