**SOUTHLAND ADDITION HOME-
OWNER'S ASSOCIATION,
Appellant,**

v.

**BOARD OF ADJUSTMENTS, CITY OF
WICHITA FALLS, Texas, Appellee.**

**No. 2-85-209-CV.**

Court of Appeals of Texas,
Fort Worth.

June 4, 1986.

Rehearing Denied July 23, 1986.

Hank Rugeley, Wichita Falls, for appellant.

B. Jean Thompson, Wichita Falls, for appellee.

Before FENDER, C.J., and HILL and HOPKINS, JJ.

OPINION

HILL, Justice.

The Southland Addition Homeowner's Association appeals from a district court

judgment which, upon the Association's Petition for Writ of Certiorari, affirmed the decision of the Wichita Falls Board of Adjustments in granting a variance for the setback requirement of an office building to be constructed by Andrew Lee at 1501 Brook Street. In its sole point of error, the Association claims that the court erred in affirming the decision of the Board because there was not substantial evidence to support the granting of the variance for the setback requirement. Two additional points of error have been dismissed by agreement.

We affirm, because we find that the Board of Adjustments did not abuse its discretion in granting the variance for the setback requirement.

■■■ The only issue before us is whether the trial court was correct in finding, in effect, that the Board of Adjustments did not abuse its discretion. Whether or not the Board abused its discretion is a question of law. *City of San Angelo v. Boehme Bakery*, 144 Tex. 281, 190 S.W.2d 67, 70 (1945). In determining whether or not the Board abused its discretion the reviewing court is not to put itself in the position of the board and substitute its discretion for that of the board. *Id.*

Section 7340 of the Wichita Falls Zoning Ordinance provides the criteria for the granting of a variance:

The application for variance shall be reviewed and evaluated using the following criteria:

A. The granting of the variance will not be contrary to the public interest.

B. Special conditions exist, other than financial hardship alone, whereby a literal enforcement of the terms of this Ordinance will result in unnecessary hardship to the owner of the land.

C. The variance will not permit an activity upon the land which is not allowed by the terms of this Ordinance.

D. The granting of the variance is consistent with the intent of this Ordinance, is in harmony herewith, and will not be injurious to the neighborhood or otherwise detrimental to the public welfare.

Wichita Falls, Tex., Zoning Ordinance sec. 7340 (April 23, 1985).

The Homeowner's Association urges that there was no evidence to support any required finding by the Board that special conditions existed, other than financial hardship alone, whereby a literal enforcement of the terms of the zoning ordinance would result in unnecessary hardship to Lee, the owner of the land.

The property in question is located within a limited commercial district, adjacent to residential zoning on the side of the lot where the set-back variance was granted. Section 3380 of the Wichita Falls Zoning Ordinance provides that the purpose of such a zoning district is to accommodate small offices and limited commercial activities. The district is intended to be adjacent to residential areas and act as a buffer between residential and more intense uses.

In his application for a variance, Lee was asked to state special circumstances peculiar to the land, structure, or building which necessitated the request for variance. He stated, "I would like to maintain Elizabeth Street set-back and my office requirements are 6000 + S.F. I would like to maintain the trees ..." It appears from an examination of the entire record that Lee would have the room to construct the necessary office space without the necessity for a variance. If there were not, the use would not be consistent with the intent of the Ordinance, since the district is specifically designed for small offices.

■■■ Lee purchased the property and had the plan for the project in question drawn before the adoption of the Wichita Falls Zoning Ordinance. The property contained trees which Lee sought to preserve. Since some trees are required by sec. 6830 of the Zoning Ordinance, Lee would have to replace, to a certain extent, any trees removed. In his application for a variance, he assigned the preservation of the trees as

a special circumstance peculiar to the land which necessitated his request for a variance. We agree that under these facts the preservation of the trees could qualify as a special circumstance.

We hold that the trial court did not err in finding that the Wichita Falls Board of Adjustments did not abuse its discretion in impliedly finding, by granting the variance in question, that special conditions existed, other than financial hardship alone, whereby a literal enforcement of the terms of the Ordinance would result in unnecessary hardship to the owner of the land. We overrule the Association's point of error.

The judgment is affirmed.