**BOARD OF ADJUSTMENT OF THE CITY OF PINEY POINT VILLAGE, Appellant,**

v.

**J. Michael SOLAR, Appellee.**

No. 14–04–00419–CV.

Court of Appeals of Texas, Houston (14th Dist.).

May 19, 2005.

Rehearing Overruled Sept. 15, 2005.

---

1. *See, e.g., Mills v. Warner Lambert Co.,* 157 S.W.3d 424, 427 (Tex.2005).

2. *See, e.g., McAllen Med. Ctr., Inc. v. Cortez,* 66 S.W.3d 227, 232 (Tex.2001).

Loren Burnham Smith, Houston, TX, for appellants.

John Manuel Padilla, Houston, TX, for appellees.

Panel consists of Justices YATES, ANDERSON, and HUDSON.

## OPINION

LESLIE BROCK YATES, Justice.

Appellee, J. Michael Solar, sought a zoning variance from appellant, the Board of Adjustment of the City of Piney Point Village ("the Board"), to build a private swimming pool in his yard. The Board denied Solar's variance request, and he appealed that decision to the district court. Both sides moved for summary judgment, and the district court granted Solar's motion. The court found that the Board abused its discretion in denying Solar's variance request and ordered the Board to grant the variance. In one issue, the Board asserts the district court erred in determining the Board abused its discretion. We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

According to the undisputed summary judgment evidence,[1] Solar and his family

---

1. This includes an affidavit Solar filed with his summary judgment motion which, as dis-

reside in the City of Piney Point Village in Houston, Texas. Solar decided to build a swimming pool for his family's private recreational use, but this was not an easy task because of the characteristics of Solar's property. Solar's property is unusual—it has a sixty-foot drop immediately behind the residence leading down to Buffalo Bayou and brick walls over eight feet high on both sides of the property. The property also has large decks, patios, and trees in the back yard. Solar worked with a pool contractor and architect, and they advised that because of these and other physical characteristics of the property, Solar should build the pool in the side yard rather than the back yard. To build the pool in the back would require destruction of the patios, decks, and trees and would cost at least three to four times more than building in the side yard. The pool contractor was not even sure it was feasible to build in the back and, if he were to attempt to build there, reserved the right to increase the price and even to completely abandon the project based on unforseen conditions.

Piney Point's City Code requires two side yards on each lot and mandates that swimming pools be at least ten feet from the nearest lot line. *See* Piney Point Village, Houston, Tex., Code §§ 74–243(5)(b), 74–244(a)(2) (2002). Because Solar's proposed swimming pool would consume most of the side yard, he applied to the Board for a variance from the side yard requirements. Piney Point's City Code, which tracks the relevant statutory authority in all material respects,[2] authorizes the Board to grant variances from these and other zoning requirements:

> The board of adjustment is hereby vested with power and authority . . .

> (3) To authorize upon request in special cases, such variances from the terms of this chapter as will not be contrary to the public interest, where, owing to special conditions, the literal enforcement of the provisions of this chapter will result in unnecessary hardship, and so that the spirit of this chapter shall be observed and substantial justice done. . . .

*Id.* § 74–68(3).

A member of the Board came to inspect Solar's property and the proposed pool site, and then the Board held a hearing. Solar presented oral and documentary evidence to the Board, including the following:

* Solar and his family wanted a pool for their private recreational use.

* Solar submitted photographs and drawings and explained the physical configuration of his property, including the sixty-foot drop leading to Buffalo Bayou, the eight-foot seven-inch brick walls on both sides, and the existing decks, patios, and trees.

* Because of the steep drop and brick walls on the property, the pool would not be visible from the outside. After receiving notice of the proposed variance, none of Solar's neighbors expressed any opposition, and the neighbors on the property closest to the proposed pool stated in writing that they had no objection. There was no evidence presented of harm to any interest that would be caused by granting the variance.

* Solar explained his architect and pool contractor's recommendations to build on the side yard, the cost comparison

cussed below, we conclude is proper summary judgment evidence.

2. *See* Tex. Loc. Gov't Code Ann. § 211.009(a)(3) (Vernon 1999) (explaining the authority of a board of adjustment to grant variances).

between building in the back versus building in the side yard, the need to destroy his existing structures and trees to build in the back, and the pool contractor's insistence on a right to abandon a project to build in the back due to unforseen conditions.

* When the Board member inspected the property before the hearing, he agreed that the only viable option for a pool was on the site proposed in the variance request. The Board member again reiterated this at the hearing.

* The increased cost and destruction of existing structures of building the pool in the back, even if physically possible, would prevent Solar from building a pool, and he and his family would suffer the hardship of not being able to swim on their property.

No oral or documentary evidence was presented to contradict any of Solar's evidence. Nevertheless, the Board denied Solar's requested variance. The form on which the Board recorded its decision has a space for the Board to state its reasons for its decision, but the Board left that space blank.

■ Under the Local Government Code, a person aggrieved by the decision of a board of adjustment may appeal and file a petition for writ of certiorari. *See* Tex. Loc. Gov't Code Ann. § 211.011 (Vernon 1999). "The writ of certiorari is the method by which the court conducts its review; its purpose is to require a zoning board of adjustment to forward to the court the record of the particular zoning decision being challenged." *Davis v. Zoning Bd. of Adjustment of La Porte,* 865 S.W.2d 941, 942 (Tex.1993). If the district court grants the petition for certiorari, the board of adjustment must submit to the court the record of its decision or "return," and the return "must concisely state any pertinent and material facts that show the grounds of the decision under appeal." Tex. Loc. Gov't Code Ann. § 211.011(c), (d). The district court then reviews the return and, if it concludes that it is necessary, may take additional evidence before determining whether the board's decision was illegal. *Id.* § 211.011(a), (e), (f). A board of adjustment acts illegally if it abuses its discretion in making its decision. *Bd. of Adjustment of Dallas v. Patel,* 882 S.W.2d 87, 88 (Tex.App.-Amarillo 1994, writ denied).

■ Solar appealed and filed a petition for writ of certiorari, which the district court granted. Despite the statutory requirement that the Board, when forwarding its return to the district court, state any pertinent and material facts to support its decision, the Board again failed to specify any such facts. Both parties filed motions for summary judgment, and Solar included with his summary judgment proof an affidavit describing the variance hearing and the evidence he submitted to the Board.[3] The trial court denied the Board's

---

**3.** The Board objected to this affidavit, arguing that the trial court was limited to the return in reviewing the Board's decision unless the trial court makes a finding that additional evidence "is necessary for the proper disposition of the matter." Tex. Loc. Gov't Code Ann. § 211.011(e). The Board does not contend that the evidence was unnecessary; its sole complaint is that the trial court did not make the required finding. Solar submitted the affidavit, with attached photographs of his property, because the Board did not record or otherwise document the evidence Solar presented in support of his variance request and did not even forward the pictures he submitted demonstrating some of the features of his property. The trial court did not explicitly find that the evidence was necessary, but the Board has provided no authority demonstrating that such a finding must be explicit. Neither party requested that the trial court make findings of fact, and therefore it is implied that the trial court made all fact findings necessary to support its judgment. *Sixth RMA*

motion, granted Solar's motion, and ordered the Board to grant Solar's variance request. The Board appealed, asserting the trial court erred in determining that it abused its discretion in denying Solar's variance request.

### ANALYSIS

■ The summary judgment movant has the burden to show that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. TEX.R. CIV. P. 166a(c); *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548 (Tex.1985). When both sides move for summary judgment and the trial court grants one motion and denies the other, the reviewing court should review the summary judgment evidence presented by both sides and determine all questions presented. *Comm'rs Court v. Agan*, 940 S.W.2d 77, 81 (Tex. 1997). The reviewing court should then render the judgment the trial court should have rendered. *Id.*

■ A legal presumption exists in favor of an adjustment board's decision to grant or deny a variance, and an aggrieved party has the burden of proof to clearly establish an abuse of discretion. *Bd. of Adjustment of Piney Point Village v. Amelang*, 737 S.W.2d 405, 406 (Tex.App.-Houston [14th Dist.] 1987, writ denied). The trial court must not substitute its judgment for that of a board of adjustment, and if reasonable minds could have reached the same decision, the board's action must be upheld. *Id.* However, if the undisputed evidence shows that granting a variance would not adversely affect other interests and that failure to do so would result in unnecessary hardship, a board of adjustment abuses its discretion if it fails

to grant a variance. *South Padre Island ex rel. Bd. of Adjustment v. Cantu*, 52 S.W.3d 287, 290 (Tex.App.-Corpus Christi 2001, no pet.); *Bd. of Adjustment, Corpus Christi v. McBride*, 676 S.W.2d 705, 709 (Tex.App.-Corpus Christi 1984, no writ).

■ No evidence was presented, and the Board does not contend, that granting Solar's requested variance would result in harm to any other interest. Rather, the Board argues that Solar's hardship is not an "unnecessary hardship" because his hardship is merely financial, that is, a more expensive swimming pool. A financial hardship does not constitute an unnecessary hardship sufficient to support a variance request. *Bat'tles v. Bd. of Adjustment & Appeals of Irving*, 711 S.W.2d 297, 300 (Tex.App.-Dallas 1986, no writ); *Bd. of Adjustment of San Antonio v. Willie*, 511 S.W.2d 591, 594 (Tex.Civ.App.-San Antonio 1974, writ ref'd n.r.e.). However, the undisputed evidence shows that because of the characteristics of Solar's property, it may not be possible to build a swimming pool in compliance with the zoning laws, and if possible, the increased cost and need to destroy existing trees and structures would prevent Solar from building the pool. Therefore, without the variance, Solar and his family will be deprived of the ability to swim on their property. That is not a financial hardship but a loss of the right to recreate, which we conclude constitutes an unnecessary hardship. *See Currey v. Kimple*, 577 S.W.2d 508, 512–13 (Tex.Civ.App.-Texarkana 1978, writ ref'd n.r.e.) (finding no abuse of discretion in adjustment board's granting variance to build tennis court because of odd-shaped lot, noting that the family is "entitled to use their property to the fullest as it re-

---

*Partners, L.P. v. Sibley*, 111 S.W.3d 46, 52 (Tex.2003). Based on the bare return filed by the Board and its refusal to state facts underlying its decision, we conclude the trial court

implicitly determined the affidavit was necessary to properly review whether the Board abused its discretion in denying Solar's variance request.

lates to a family dwelling and place for family recreation");[4] *Thomas v. Zoning Bd. of Adjustment of Univ. Park,* 241 S.W.2d 955, 959 (Tex.Civ.App.-Eastland 1951, no writ) (concluding that family was entitled to build a private residential swimming pool as an accessory structure and noting: "Use by a family of the home, under our customs, includes much more than simple use of a house and grounds for food and shelter. It also includes its use for private ... recreational advantages of the family."); *see also Southland Addition Homeowner's Ass'n v. Bd. of Adjustments, Wichita Falls,* 710 S.W.2d 194, 195–96 (Tex.App.-Fort Worth 1986, writ ref'd n.r.e.) (holding no abuse of discretion in granting variance necessary to construct office space while preserving trees).

The Board, citing several cases holding that variances are justified only if the zoning ordinance does not permit any reasonable use of the property, argues that there is no right to a residential variance unless failure to grant one means the property cannot be used as a residence. *See, e.g., Bat'tles,* 711 S.W.2d at 300; *Reiter v. City of Keene,* 601 S.W.2d 547, 549 (Tex.Civ. App.-Waco 1980, writ dism'd); *Willie,* 511 S.W.2d at 594; *Bd. of Adjustment v. Stovall,* 218 S.W.2d 286, 288 (Tex.Civ.App.-Fort Worth 1949, no writ). These cases are all commercial cases involving variance requests to allow the property owner to earn a higher profit. They do not, as here, involve a residential property owner seeking to recreate on his property with his family. *See Currey,* 577 S.W.2d at 513 ("Appellants' argument that since the existing zoning ordinance permits a reason-

able use of the [appellees'] property as a residence, then the grounds for granting a variance are thus negated, is not persuasive. The [appellees] are entitled to use their property to the fullest as it relates to a family dwelling and place for family recreation, limited only by the provisions of valid statutes and ordinances."). Under the Board's interpretation, it would *never* have to grant a residential variance for any purpose so long as the property owner was able to construct or maintain some sort of minimally habitable residence. We do not believe that is what the legislature contemplated when giving boards of adjustment the authority to grant variances "so that the spirit of the ordinance is observed and substantial justice is done." Tex. Loc. Gov't Code Ann. § 211.009(a)(3).

We do not hold that a board of adjustment must grant every variance request to build a swimming pool. But when, as here, there is no evidence of harm to any interest and the undisputed evidence shows that failure to grant the request will deprive the property owners of the ability to swim on their property, it is an abuse of discretion to deny the variance. Thus, the trial court did not err in granting Solar's motion for summary judgment on this basis. We overrule the Board's sole issue and affirm the trial court's judgment.

4. The Board argues that we should not rely on *Currey* and other cases in which the adjustment board granted the requested variance because they establish only that the board did not abuse its discretion in finding unnecessary hardship in those cases. This argument misses the point that although the Board has

discretion to determine whether a particular hardship actually exists in a given case, it does not have discretion to determine whether an alleged hardship qualifies as an "unnecessary hardship," which is an issue of law to be decided by the courts.