# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-18-00169-CV

**City of Wimberley Board of Adjustment, Appellant**

**v.**

**Creekhaven, LLC; and William D. Appleman, Appellees**

### FROM THE COUNTY COURT AT LAW NO. 1 OF HAYS COUNTY
### NO. 13-0895-C, HONORABLE CHARLES R. RAMSAY, JUDGE PRESIDING

### M E M O R A N D U M   O P I N I O N

The City of Wimberley Board of Adjustment appeals the trial court's order denying its plea to the jurisdiction in which it sought dismissal of two claims Creekhaven, LLC, and William D. Appleman (collectively, "Creekhaven") brought pursuant to the Uniform Declaratory Judgments Act. *See* Tex. Civ. Prac. & Rem. Code §§ 37.001-.011 (UDJA); 51.014(a)(8) (person may appeal from interlocutory order that denies plea to jurisdiction filed by governmental unit). The Board's plea also sought to dismiss as moot Creekhaven's suit for judicial review of an October 2013 Board decision on a request for a variance brought by a property owner. Because we conclude that the trial court lacked subject-matter jurisdiction over the two UDJA claims and the appeal from the October 2013 Board decision, we will reverse the trial court's order denying the plea to the jurisdiction as to those claims and will dismiss them.

**BACKGROUND**

This appeal arises out of Creekhaven's dissatisfaction with the Board's decisions related to requests for setback variances for construction of a pole barn on a piece of property owned by Alison Courtney Campbell. Campbell's property is adjacent to property owned by Creekhaven in the City of Wimberley. Beginning around 2003, Campbell began construction of a pole barn on her property. This construction led to various disputes between Campbell and Creekhaven regarding the location and features of the structure.[1] In October 2013, the Board "granted with conditions" Campbell's request for a variance from the setback requirements of the City ordinances on the east side of the pole barn. *See* Tex. Loc. Gov't Code § 211.009(a)(3) (board of adjustment may authorize in specific cases variance from terms of zoning ordinance if variance is not contrary to public interest and, due to special circumstances, literal enforcement of ordinance would result in unnecessary hardship, and so that spirit of ordinance is observed and substantial justice is done); Wimberley, Tex., Code of Ordinances ch. 155, §§ 155.108(F)(3) (setting forth circumstances under which Board may grant variance); (F)(4) (permitting Board to grant variance to applicant conditioned on property coming into compliance with city ordinances within a specified period of time). The Board's order stated that the variance was granted and provided that, on or before March 1, 2014, Campbell supply the City with evidence that "the property involved is in compliance with all other applicable City ordinances, rules and regulations." If Campbell failed to comply with that condition, the order provided that "the variance shall expire automatically on that date." The Board also affirmed a

---

[1] Because the parties are familiar with the facts of the case and its procedural history, we do not recite them in this opinion except as necessary to advise the parties of the Court's decision and the basic reasons for it. *See* Tex. R. App. P. 47.1, 47.4.

decision of the City Administrator that an ordinance specifying setback requirements for "alley easements" did not apply to Campbell's pole barn.**²** *See* Wimberley, Tex., Code of Ordinances ch. 155, § 155.108(G)(1) (Board has authority to hear and decide appeal brought by person aggrieved by decision made by administrative official in enforcement of ordinance).

In November 2013, Creekhaven filed a suit for judicial review of both the Board's October 2013 Variance (Board Order BA-13-003) and the Board's order affirming the administrative determination that the "alley easement" ordinance did not apply to the pole barn. *See* Tex. Loc. Gov't Code § 211.011 (person aggrieved by decision of board of adjustment may present to district court verified petition stating that decision of board is illegal in whole or in part and specifying grounds of illegality); Wimberley, Tex., Code of Ordinances ch. 155, § 155.108(I) (person aggrieved by decision of Board of Adjustment may present verified petition to court of record which states that decision of Board is illegal, in whole or in part, and specifying grounds of illegality). The trial court granted a writ of certiorari directing the Board to submit to the trial court sworn copies of all

---

**²** Creekhaven had argued that this ordinance governed the required setback and appealed the City Administrator's contrary decision to the Board of Adjustment. *See* Tex. Loc. Gov't Code § 211.009(a)(1) (board may hear and decide appeal that alleges error in decision made by administrative official in enforcement of ordinance).

proceedings and evidence related to the challenged decisions.[3]  The Board filed documents in response to the writ of certiorari in April 2014.

Meanwhile, the deadline for compliance with the conditions of the October 2013 Variance, March 1, 2014, had passed without Campbell having satisfied the condition that she provide evidence that the property was in compliance with all applicable City ordinances, rules, and regulations.  Campbell continued to work on her property and, in late 2014, again sought variances; this time variances from the setback requirements on both the east side and the west side of the pole barn on her property.  On September 8, 2014, after conducting a hearing, the Board "granted with conditions" both requested variances.  The September 2014 Board order stated that the variances were:

> granted with the condition that the following shall be satisfied within ninety (90) days of the date of this order:
>
> 1.  A smoke detector shall be installed in the second floor living area of the Pole Barn.
>
> 2.  A properly sized grab bar shall be installed on the hand railing of the exterior staircase used to access the second floor living area of the Pole Barn.

---

[3] A writ of certiorari is the method by which a trial court reviews a decision made by a board of adjustment.  *Board of Adjustment of the City of Piney Point Vill. v. Solar*, 171 S.W.3d 251, 254 (Tex. App.—Houston [14th Dist.] 2005, pet. denied).  If the trial court grants the writ of certiorari, the board of adjustment must submit to the trial court the record of its challenged decision, which is called the "return."  *Id.*  The return "must concisely state any pertinent and material facts that show the grounds of the decision under appeal."  *Id.* (quoting Tex. Loc. Gov't Code § 211.011(d)).  Once the return is filed, the trial court reviews it and, if necessary, may receive additional evidence before determining whether the board of adjustment's decision was illegal.  *Id.* (citing Tex. Loc. Gov't Code § 211.011).  The trial court sits only as a court of review, and the only question before it is the legality of the board's order.  *City of Alamo Heights v. Boyar*, 158 S.W.3d 545, 549 (Tex. App.—San Antonio 2005, no pet.).  The trial court may reverse or affirm, in whole or in part, or modify the decision that is appealed.  Tex. Loc. Gov't Code § 211.011(f).

3. A thumb operated dead bolt lock shall be installed on the front door to the second floor living area of the Pole Barn.

4. A Certificate of Occupancy has been issued by the City of Wimberley.

Creekhaven then filed a second amended petition in its suit for judicial review, adding challenges to the September 2014 Variances for the east side and the west side of Campbell's property. Creekhaven also added a request for two declaratory judgments. First, Creekhaven sought a declaration that the October 2013 Variance "has expired and is not [sic] longer in force and effect." According to Creekhaven, the court was required to make this declaration "before proceeding with adjudicating the other claims in this cause" because if the October 2013 Variance "has expired, then [Creekhaven's] appeal is moot." Creekhaven asserted that because Campbell failed to provide the City with evidence that her property was in compliance with applicable City ordinances, rules, and regulations by March 1, 2014, "the variance by its own condition expired" on March 1, 2014. Second, Creekhaven sought a declaration that the Board did not have the "authority or jurisdiction" to act on Campbell's September 2014 request for a variance on the east side of her property because of "the doctrine of res judicata." According to Creekhaven, the October 2013 Variance had res-judicata effect over Campbell's subsequent request for a variance on the east side of her property.

The trial court granted a writ of certiorari directing the Board to submit to the trial court sworn copies of all proceedings and evidence related to the September 2014 decision to grant with conditions the two variances. The Board filed documents in response to the writ of certiorari in March 2015.

5

In January 2018, the Board filed a motion for summary judgment arguing that it did not abuse its discretion in affirming the City Administrator's decision regarding applicability of the "alley easement" ordinance. The Board also argued that it did not abuse its discretion when it approved the September 2014 request for variances on the west side or on the east side of Campbell's property. The Board also maintained that, although it disagreed with Creekhaven's reasoning, it agreed with Creekhaven that all challenges to the October 2013 Variance were moot and sought summary judgment dismissing those claims with prejudice.[4] Creekhaven also filed a motion for partial summary judgment on its UDJA claims.

While the summary-judgment motions were pending, the Board filed a plea to the jurisdiction, arguing that the trial court lacked subject-matter jurisdiction over Creekhaven's UDJA claims based on governmental immunity, the doctrine of redundant remedies, and mootness. The same day, Creekhaven filed an amended petition in which it dropped its challenge to the Board's September 2014 grant of a variance on the west side of Campbell's property. The parties filed additional briefing on both the summary-judgment motions and the plea to the jurisdiction and, after a hearing, the trial court signed orders denying Creekhaven's motion for partial summary judgment, the Board's motion for summary judgment, and the Board's plea to the jurisdiction. The Board then

---

[4] The principal disagreement between Creekhaven and the Board in this regard centers around Creekhaven's position that, because the October 2013 Variance expired by its own terms, the Board effectively "denied" the request for a variance and that denial has preclusive res-judicata effect on any subsequent request for a variance on the east side of Campbell's property. The Board disagrees with Creekhaven about the effect of the expiration of the October 2013 Variance, but agrees that it has expired, is no longer in effect, and, consequently, any complaints regarding that variance are moot.

6

perfected this interlocutory appeal of the denial of its plea to the jurisdiction. *See* Tex. Gov't Code § 51.014(a)(8).

## DISCUSSION

### *Did the court have subject-matter jurisdiction over Creekhaven's UDJA claims?*

We first consider whether the trial court lacked subject-matter jurisdiction to entertain Creekhaven's claims for declaratory relief under the UDJA. As a political subdivision of the state, the Board is entitled to governmental immunity. *See Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 694 n.2 (Tex. 2003) (governmental immunity protects political subdivisions of state, including counties, cities, and school districts). Governmental immunity, composed of both immunity from liability and immunity from suit, implicates a trial court's jurisdiction and, when it applies, precludes suit against a governmental entity. *Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 224 (Tex. 2004); *Texas Nat. Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 853 (Tex. 2002). Absent an express waiver of governmental immunity, courts do not have subject-matter jurisdiction over suits against political subdivisions of the state. *State v. Shumake*, 199 S.W.3d 279, 283 (Tex. 2006). Whether a court has subject-matter jurisdiction is a question of law we review de novo. *Miranda*, 133 S.W.3d at 226.

The UDJA gives Texas courts the power to "declare rights, status, and other legal relations whether or not further relief is or could be claimed." Tex. Civ. Prac. & Rem. Code § 37.003(a). The UDJA provides that "[a] person affected by a statute . . . may have determined any question of construction or validity arising under the . . . statute . . . and obtain a declaration of rights, status, or other legal relations thereunder." *Id.* § 37.004(a). The UDJA does not create or augment

7

a trial court's subject-matter jurisdiction—it is "merely a procedural device for deciding cases already within a court's jurisdiction." *Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 444 (Tex. 1993). Thus, the UDJA "is not a general waiver of sovereign immunity." *Texas Parks & Wildlife Dep't v. Sawyer Tr.*, 354 S.W.3d 384, 388 (Tex. 2011). Instead, the UDJA only "waives sovereign immunity in particular cases." *Texas Dep't of Transp. v. Sefzik*, 355 S.W.3d 618, 622 (Tex. 2011) (per curiam). "For example, the state may be a proper party to a declaratory judgment action that challenges the validity of a statute." *Id.* However, "the UDJA does not waive the state's sovereign immunity when the plaintiff seeks a declaration of his or her rights under a statute or other law." *Id.* at 621.

Creekhaven's third amended petition requests the following declaration:

> Petitioners request that the Court, by construction of the variance that the [Board] granted to Alison Courtney Campbell by its Order in WBA File No. BA-13-003 ("the 2013 Order"), declare that while the 2013 Order is in force and effect and is final, the variance granted in the 2013 Order has expired and is no longer in force and effect, and thus, the WBA has denied Campbell's request for this variance.

Thus, Creekhaven seeks a declaration regarding the legal effect of the October 2013 Variance, an order of the Board, and expressly states that such declaration be done by construing that order. This does not constitute a request for a declaration concerning the validity of any city ordinance such that the Board's immunity is waived. *See* Tex. Civ. Prac. & Rem. Code § 37.006(b) (waiving municipality's immunity in suit "involving the validity of a municipal ordinance or franchise"). Nor does the UDJA waive immunity for claims seeking to construe a statute or ordinance. *See Ex parte Springsteen*, 506 S.W.3d 789, 799 (Tex. App.—Austin 2016, pet. denied) ("[T]he UDJA's sole

feature that can impact trial-court jurisdiction to entertain a substantive claim is the statute's implied limited waiver of sovereign or governmental immunity that permits claims challenging the validity of ordinances or statutes. [The Texas Supreme Court] has squarely repudiated the once-widespread notion that the UDJA confers some broader right to sue government to obtain 'statutory construction' or a 'declaration of rights.'"). To the extent that Creekhaven's request for a declaration that the variance has expired depends on a finding that Campbell failed to comply with various city ordinances by a certain date, it constitutes a request for a declaration interpreting those ordinances. The UDJA does not waive governmental immunity for such claims. *Id.* The trial court lacked subject-matter jurisdiction over this UDJA claim.

Creekhaven also sought the following declaration:

> Petitioners request that the Court declare that [the Board] did not have any authority or jurisdiction to consider, act on, or grant the variance that [the Board] granted to Alison Courtney Campbell by its Order in WBA File No. BA-14-013 under the doctrine of *res judicata*.

This request for declaratory relief challenges the Board's decision to grant the September 2014 request for a variance on the east side of Campbell's property. This request presents a challenge to the Board's action taken *pursuant* to the City's ordinances, not to the validity of the ordinances themselves. Thus, this claim does not fall within the UDJA's implied limited waiver of governmental immunity that permits claims challenging the validity of ordinances. *Id.*; *see also City of El Paso v. Heinrich*, 284 S.W.3d 366, 373 n.6 (Tex. 2009) (distinguishing claims challenging validity of statute and those challenging state's actions under statute).

9

Creekhaven also argues that it is entitled to a declaration that the September 2014 order granting variance on the east side of Campbell's property is void because the Board lacked the authority to grant the variance. We understand Creekhaven to be arguing that its UDJA claim asserts ultra vires acts by the Board members such that governmental immunity does not bar the claim. *See Heinrich*, 284 S.W.3d at 371-72 (governmental immunity does not bar claims alleging that government officer acted ultra vires, or without legal authority, in carrying out his duties); *see Houston Belt & Terminal Ry. Co. v. City of Houston*, 487 S.W.3d 154, 158 n.1 (Tex. 2016) ("[W]hen a governmental officer is sued for allegedly *ultra vires* acts, governmental immunity does not apply from the outset."). According to Creekhaven, when it filed suit for judicial review of the October 2013 Variance, the Board lost jurisdiction to consider any request for a variance from the City's setback requirements on the east side of Campbell's property during the pendency of such suit. Creekhaven relies on section 2001.1775 of the Texas Government Code, which provides that "an agency may not modify its findings or decision in a contested case after proceedings for judicial review of the case have been instituted under Section 2001.176 and during the time that the case is under judicial review." Tex. Gov't Code § 2001.1775; *see id.* § 2001.176 (person initiates suit for judicial review in contested case by filing petition not later than 30th day after date decision or order that is subject of complaint is final and appealable). Creekhaven, however, has not pursued a suit for judicial review of state agency action instituted under the Administrative Procedure Act. *See* Tex. Gov't Code ch. 2001. Rather, this is a suit for review, by writ of certiorari, of a board of adjustment decision pursuant to the Texas Local Government Code and is governed by its provisions. *See* Tex. Loc. Gov't Code § 211.011 (providing judicial review of board of adjustment decision in

10

which only question is legality of board's order); *see also City of Dallas v. Vasenko*, 189 S.W.3d 769, 771 (Tex. 2006) ("As a quasi-judicial body, the decisions of a zoning board are subject to appeal before a state district court upon application for a writ of certiorari."); *City of Alamo Heights v. Boyar*, 158 S.W.3d 545, 549 (Tex. App.—San Antonio 2005, no pet.) (district court sits only as court of review and only question before it is legality of zoning board's order). *Cf.* Tex. Gov't Code § 2001.174 (permitting review of state agency decision under substantial evidence standard of review).

The Texas Local Government Code expressly provides that "granting of the writ does not stay the proceedings on the decision under appeal, but on application and after notice to the board the court may grant a restraining order if due cause is shown." Tex. Loc. Gov't Code § 211.011(c). Thus, even if Campbell's second request in September 2014 for a variance for the east side of her property could be considered "proceedings on decision under appeal" when Creekhaven challenged the October 2013 Variance, those proceedings were not stayed by the issuance of a restraining order. Creekhaven's appeal of the October 2013 Variance did not deprive the Board of authority to consider Campbell's request for a variance in September 2014.

Creekhaven also asserts that the Board acted without authority because the doctrine of res judicata barred the Board from acting on Campbell's September 2014 request for a variance on the east side of her property. However, the doctrine of res judicata, even if applicable here, would not deprive the Board of authority to consider Campbell's request for a variance. Rather, res judicata is an affirmative defense. *See* Tex. R. Civ. P. 94; *Texas Highway Dep't v. Jarrell*, 418 S.W.2d 486, 488 (Tex. 1967) (plea of res judicata is not plea to jurisdiction but plea in bar which, if sustained,

11

would not require dismissal but judgment that claimant take nothing). Res judicata, even if applicable, would not render the Board members' action ultra vires.[5]

Finally, we observe that the Legislature had created a statutory waiver of governmental immunity for parties seeking to challenge the actions of a board of adjustment, to which Creekhaven has availed itself. *See* Tex. Loc. Gov't Code § 211.011. To the extent Creekhaven's UDJA claims seek to overturn the Board's orders regarding the variances Campbell has requested, the doctrine of redundant remedies prevents it from also seeking that relief pursuant to the UDJA. *See EMCF Partners, LLC v. Travis Cty.*, No. 03-15-00820-CV, 2017 WL 672457, at *7 (Tex. App.—Austin Feb. 15, 2017, no pet.) (mem. op.) (redundant remedies doctrine prevents claimant from seeking relief pursuant to UDJA that it could obtain through another avenue and for which Legislature has created statutory waiver of immunity). We conclude that the trial court lacked subject-matter jurisdiction over Creekhaven's UDJA claims and that it erred in denying the Board's plea to the jurisdiction as to those claims.

**Was Creekhaven's appeal of the October 2013 Variance moot?**

The Board's plea to the jurisdiction also sought dismissal of Creekhaven's suit for judicial review of the October 2013 Variance on mootness grounds. According to the Board, the

---

[5] We also note that suits alleging ultra vires acts cannot be brought against the state or its political subdivisions, which retain immunity, but must be brought against the state actors in their official capacity. *See City of El Paso v. Heinrich*, 284 S.W.3d 366, 373 (Tex. 2009) ("[B]ecause the rule that *ultra vires* suits are not 'suits against the State within the rule of immunity of the State from suit' derives from the premise that 'acts of officials which are not lawfully authorized are not acts of the State,' it follows that these suits cannot be brought against the state, which retains immunity, but must be brought against the state actors in their official capacity." (internal citations omitted)).

12

October 2013 Variance expired by its own terms on March 1, 2014 when Campbell failed to meet the conditions set forth in the order "granting with conditions" the variance. Thus, in the Board's view, any ruling by the court reversing the Board's order would have no practical legal effect and the issue is moot. *See Texas Gen. Land Office v. Crystal Clear Water Supply Corp.*, 449 S.W.3d 130, 137 (Tex. App.—Austin 2014, pet. denied) ("An issue becomes moot when a party seeks a ruling on some matter that, when rendered, would not have any practical effect on a then-existing controversy.").

In its third amended petition, Creekhaven asserted that the Board acted illegally in granting the October 2013 Variance because it could not have properly made any of the six findings required to grant the requested variance. *See* Wimberley, Tex., Code of Ordinances ch. 155, § 155.108(F)(3) (setting forth circumstances under which Board may grant variance). Creekhaven also asserted in its petition that "if the subject variance has expired, then Petitioner's appeal is moot, and the Court no longer has jurisdiction over an active controversy." Finally, Creekhaven stated in its petition that "Petitioners are ***not*** contesting the 2013 Order ***if that Order is final and denies the variance that Campbell has requested.***" (Emphasis in original). Thus, it appears that Creekhaven believes its challenge to the October 2013 Variance becomes moot only once it has secured a declaration from the court that the Board's order was "final" and "denied" the variance. Put differently, Creekhaven's position is that it desires to pursue an appeal challenging the October 2013 Variance only if the court refuses to confirm Creekhaven's position that the expired October 2013 Variance acted as a denial of the request for a variance and, according to Creekhaven, had the legal effect of barring a subsequent request for a variance under the doctrine of res judicata. Mootness, however, does not depend on whether a particular party desires to pursue a claim in order to advance

13

a legal position. The parties agree that the October 2013 Variance expired by its own terms on March 1, 2014. Regardless of Creekhaven's litigation position regarding the residual legal effect of the October 2013 Variance, the fact remains, and neither party disputes, that it has expired. Thus, any judicial determination regarding the legality or illegality of the October 2013 Variance would have no practical legal effect. Consequently, Creekhaven's section 211.011 suit for judicial review of the Board's decision to "grant with conditions" the requested variance in 2013 is moot. *See Crystal Clear Water Supply Corp.*, 449 S.W.3d at 137.[6] The trial court lacked jurisdiction over Creekhaven's section 211.011 challenge to the October 2013 Variance and it erred by denying the Board's plea to the jurisdiction seeking dismissal of that claim.

### CONCLUSION

The trial court lacked subject-matter jurisdiction over Creekhaven's UDJA claims because those claims are barred by governmental immunity. The trial court also lacked subject-matter jurisdiction over Creekhaven's challenge, pursuant to Texas Local Government Code section 211.011, to the legality of the Board's decision on Campbell's October 2013 request for a variance because that issue is moot. We reverse the trial court's order denying the Board's plea to the jurisdiction and dismiss Creekhaven's UDJA claims and its suit for judicial review of the October 2013 Variance, WBA File No. BA 13-003.

---

[6] We also note that the trial court may make a determination regarding the alleged preclusive effect of the expired October 2013 Variance in the suit for judicial review Creekhaven has brought challenging the September 2014 order granting a variance.

_____

                    Scott K. Field, Justice

Before Chief Justice Rose, Justices Puryear and Field

Reversed and Dismissed

Filed:   October 18, 2018